## LORD *vs.* ARNOLD.

Where one is the *agent* of another, for the sale of real estate in his vicinity, and for making contracts for sales, and for receiving the consideration agreed to be paid by the purchasers, and as such agent he has in his possession contracts for the lands, executed by his principal, who resides in another place, and by the several purchasers of the land, the amount owing by the purchasers, upon such contracts, is not subject to taxation, against the agent, as personal estate *in his possession* or *under his control* as such agent.

This was a case argued by the parties, for the opinion and decision of the court, pursuant to the code.

*A. G. Rice,* for the plaintiff.

*Wm. H. Wood,* for the defendant.

*By the Court,* MARVIN, P. J.   By the revised statutes, all lands and personal estate within this state are liable to taxation, subject to certain exemptions.   Personal estate includes moneys, goods, chattels, debts due from solvent debtors, whether on account, contract, note, bond, or mortgage, &c.   (1 *R. S.* 387, §§ 1 *and* 3.)   By the act of 1851, (*ch.* 176, § 2,) it is declared that every person shall be assessed in the town or ward where he resides, when the assessment is made, for all personal estate owned by him, including all personal estate in his possession or under his control as *agent,* guardian, executor or administrator,

Lord *v.* Arnold.

and in no case shall property so held under either of these trusts be assessed against any other person, &c. This is an amendment of the revised statutes by inserting the word *agent.* (1 *R. S.* 389, § 5.) It appears from the agreed case that Smith, a resident of the town of Ellicottville, Cataraugus county, was the *agent* of the plaintiff for the sale of certain real estate in that county and adjoining counties, and for making contracts for such sales and for receiving the consideration agreed to be paid by the purchasers ; he, Smith, as such agent, had in his possession contracts for the sale of lands, executed by the plaintiff and the several purchasers. And the question is whether the amount owing by the purchaser, upon said contracts, was subject to taxation against Smith, the agent. The plaintiff resided in the city of New-York. Admitting the amount owing upon these contracts to be personal estate, and as such, liable to taxation ; and the question is, was this personal estate *in the possession or under the control of Smith* as the agent of the plaintiff? In my opinion it was not, and Smith, as the agent of Lord, was not subject to taxation on account of these debts. The statute does not include such a case.

The debts owing to Lord, upon the contracts, pertained to him, and followed his person wherever he might be. This is the general rule of law. (*Story's Confl. of Laws,* 309 *to* 314. 2 *Kent's Com.* 406.) Smith, the agent, had no possession of the debt. He had possession of the contracts, the evidence of the debt or the covenants to pay, but this gave him no possession of the property called debts. The term possession is not applicable to a debt. It properly applies to corporeal things, movable and immovable. (*Bouv. L. D.*) He who is entitled to a debt has a *chose in action.* (2, *Black. Com.* 396, 7.)

Nor was this debt personal estate, under the contract of Smith as the agent of Lord, in contemplation of the statute. True, Smith could receive payment and transmit the money to Lord, acting as the agent of Lord in receiving the money. He had no power to sell the *debts* or assign the contracts, or to release the debtors without payment. The debts were the personal estate of Lord in New-York, and Smith was his mere agent to receive and trans-

mit the money. The statute may as well be applied to all attorneys who have notes for their clients, in possession, for collection, as to apply it to Smith. In the matter of *Kellinger,* collector of the city of New-York, (9 *Paige,* 62,) the court of chancery was assessed on account of the funds and securities of suitors in the court, which were standing in the name of the register, &c. and an application was made to the court for an order directing the register to pay the tax. Chancellor Walworth dismissed the petition, and held that the register and clerks of the court of chancery were not liable to be assessed as trustees, for the funds and securities belonging to suitors in the court, standing in the names of such officers. It was also held, that where moneys are deposited in court and securities taken for the same, in the name of any of the officers of the court in their official character, the owners of such funds or securities are liable to be assessed and taxed therefor at the places of their residence, as a part of their personal estate.

I am satisfied that Smith was not liable to be taxed on account of the contracts in his possession. The questions submitted to the court are, 1st. " Are the debts secured by the contracts taxable as personal estate ? 2d. Are the debts secured by such bonds and mortgages and contracts, or either of them, in the possession or control of Smith, so as to be taxable to him as the agent of the plaintiff ?"

I do not think it necessary or proper to consider and answer the first question. If Lord should be taxed in the city of New-York on account of such debts, he can properly raise the question there. The answer to the other question is given above.

There should be judgment for the plaintiff.

Judgment accordingly.


[Erie General Term, May 16, 1854. *Marvin, Bowen* and *Mullett,* Justices.]