THE PEOPLE, ex rel. CYRUS JEFFERSON, Respondent, *v.* EDGAR K. SMITH et al., Assessors, etc., Appellants.

Where a resident of this State was assessed for personal property, which consisted of mortgage securities in the hands of his agents residing in other States, who retained the custody of the securities from the time

1882.]    PEOPLE, ex rel. JEFFERSON, v. SMITH et al.    577

Statement of case.

they were taken, received and reinvested the interest paid thereon, and upon payment of any security, under authority given them by their principal, discharged such security and reinvested the sums paid without submitting the proposed loans to him for approval, and until the funds were invested, kept them in their own names ; and where by the laws of the States where such securities were so taken and held they were there subject to taxation in the hands of the agents, *held,* that said securities were not "personal estate within this State " within the meaning of the statute in relation to taxation (1 R. S. 387, § 1), and were not liable to taxation in this State ; and that therefore the assessment was erroneous.

*Lord* v. *Arnold* (18 Barb. 104), *Kirtland* v. *Hotchkiss* (42 Conn. 426 ; S. C., 100 U. S. 491), distinguished.

*It seems* that such personal property may be made subject to taxation here by legislative enactment.

(Argued March 16, 1882 ; decided April 11, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 14, 1881, which affirmed a judgment in favor of the relator entered upon an order of Special Term adjudging an assessment against him for personal property upon the assessment-roll of the village of Warsaw to be illegal, and that the same be stricken from said roll.

The material facts are stated in the opinion.

*L. W. Thayer* for appellants.   The relator was properly assessed for the mortgages in this State.   (1 R. S. 387; 2 Kent's Com. 408, 420 ; *Hoyt* v. *Commissioner of Taxes,* 23 N. Y. 196, 224; *Lord* v. *Arnold,* 18 Barb. 104; Story's Confl. of Laws, 309–314 ; 2 Kent's Com. 406 ; 2 Black. Com. 369 and 7 ; *People* v. *Gardner,* 51 Barb. 352 ; 1 Cow. 240 ; *Denton* v. *Livingston,* 9 Johns. 100 ; *Williams* v. *The Board of Supervisors of Wayne County,* 78 N. Y. 565; 1 R. S. 389, § 5 ; *McCulloch* v. *The State of Maryland,* 4 Wheat. 428; 15 Wall. 320, 323 ; Cooley on Taxation, 14, 65.)   Debts due to a citizen, whether evidenced by writing or verbal testimony, pertain to him wherever he may be.   (*Lord* v. *Arnold,* 18 Barb. 104; *Williams* v. *Supervisors of Wayne County,* 78 N. Y. 565 ; *Murray* v. *The City of Charleston,* 6 Otto,

432; *Bk. of Nevada* v. *Sedgwick,* Albany Law Journal of December 24th, page 515.)

*Lucius N. Bangs* for respondent.   The securities in question, taken and held for the relator, are not subject to taxation in this State while in the hands of his non-resident agents. (Title 1, § 1, 1 R. S. [6th ed.] 931; *Hoyt* v. *Commissioners of Taxes,* 23 N. Y. 230–231; *People, ex rel. Jefferson,* v. *Gardiner,* 51 Barb. 352; *People, ex rel. Hoyt,* v. *Commissioners of Taxes,* 23 N. Y. 244; *Catlin* v. *Hull,* 21 Vt. 152; *People, ex rel. Westbroke,* v. *Trustees of Ogdensburg,* 48 N. Y. 390 ; *Osgood* v. *Maguire,* 61 id. 524 ; *People, ex rel. Trowbridge,* v. *Commissioners of Taxes,* 4 Hun, 598 ; *Beers* v. *Shannon,* 73 N. Y. 292, 298–299 ; § 2478, Code of Civil Procedure ; *Catlin* v. *Hull,* 21 Vt. 152 ; *Lewis* v. *The County of Chester,* 60 Penn. St. 325–329 ; *Board of Supervisors of Tazewell Co.* v. *Davenport,* 40 Ill. 197 ; *Wilcox* v. *Ellis,* 14 Kans. 558; *Fisher* v. *Rush County,* 19 id. 414; *St. Louis Co.* v. *Taylor's Adm'r,* 47 Mo. 594; *Alvanley* v. *Powell,* 2 Jones' Eq. [N. C.] 51–57; Hilliard on Taxation, 127, chap. 4, § 48; Burroughs on Taxation, 60, chap. 4, § 30, subd. h ; *Boardman* v. *The Supervisors of Tompkins County,* 85 N. Y. 359 ; *People, ex rel. Kennedy,* v. *Commissioners of Taxes,* 35 id. 423–440 ; 1 R. S. [6th. ed.] 932, § 4 (3) ; *People, ex rel. Hoyt,* v. *Commissioners of Taxes,* 23 N. Y. 224 ; *Parker Mills* v. *Com'rs of Taxes,* id. 242.)   The power of taxation, to the extent to which it rests in a State, is a sovereign power, and admits of no supervision or control by Federal authority.   (*Nathan* v. *Louisiana,* 8 How. [U. S.] 73–82 ; *Bank of Commerce* v. *New York City,* 2 Black, 620 ; *The People* v. *The Mayor of Brooklyn,* 4 Cow. 619 ; *Catlin* v. *Hull,* 21 Vt. 152 ; Cooley on Taxation, 15 ; *State Tax on Foreign-held bonds,* 15 Wall. [U. S.] 300 ; *McCullough* v. *State of Maryland,* 4 Wheat. 316, 428 ; *Kirtland* v. *Hotchkiss,* 10 Otto, 491.)

EARL, J.   The appellants, as assessors of the village of Warsaw, in 1880, assessed the relator for $250,000 personal property:

The property so assessed consisted of mortgage securities taken by agents of the relator, residents in the States of Illinois, Minnesota and Wisconsin, who retained the custody of the securities so taken which were never brought within the territorial limits of the State of New York, and which were, at all times after they were taken, in the possession and under the control of such non-resident agents. All interest payable on such securities was paid directly to the agents, and, with the exception of small sums remitted to the relator for family expenses and used as such, and money remitted to and used by him to pay his debts, such interest was invested by the agents in like manner as the principal, and the securities taken therefor were held in like manner as the original securities. When the principal of the securities became due and was paid, it was paid to the agents and by them reinvested in like manner as the original investments, and such new securities were held by the agents in like manner as the original securities. The agents had power to discharge the securities on payment of the same, and did so discharge them, and they had power to accept applications for loans, and make loans without submitting the same to the relator for approval. The funds so kept for investment, until the same were invested, were kept in the names of the agents. By the laws of the States where such securities were so taken and held, they were subject to taxation under the laws of such States in the hands of the agents. The agents had advertised offices and places of business where the business of the relator in making such loans was carried on and the securities were held.

After the imposition of the assessment complained of, the relator applied to the appellants as such assessors to correct the assessment-roll by striking the assessment therefrom, and the application was denied. Whereupon the relator, under chapter 269 of the Laws of 1880, sued out a writ of *certiorari* to which the appellants made return, and upon the hearing at the Special Term judgment was rendered striking the assessment from the assessment-roll. The assessors appealed from the judgment to the General Term, and from affirmance there to this court.

The question for our determination is whether the securities so taken and held for the relator were subject to taxation in this State while in the hands of his non-resident agents. The solution of this question depends upon the construction to be given to the following section of the Revised Statutes : " All lands and all personal estate within this State, whether owned by individuals or by corporations, shall be liable to taxation subject to the exemptions hereinafter specified." (2 R. S. [7th ed.] 981.)

Before the personal estate can be taxed in this State under this statute, it must be within the State. There is no more authority for taxing personal property not within the State than there is for taxing lands not within the State. The claim, however, of the learned counsel for the assessors is that these securities or the debts secured by them were choses in action which could not be separated or have an actual *situs* away from the owner, and that they must be treated as existing and present at the domicile of the owner, and hence that they are taxable at the place of such domicile.

It is undoubtedly a general rule of law that movable property is deemed to have no *situs* except that of the domicile of the owner, yet, this being but a legal fiction, it yields whenever it is necessary for the purpose of justice that the actual *situs* of the thing should be examined, and whenever the legislative intent is manifested that this legal fiction should not operate. The fiction frequently applies as well to the case of tangible personal property, such as merchandise, as to the case of choses in action. But it was directly held in the case of *Hoyt* v. *The Commissioners of Taxes* (23 N. Y. 224), that tangible personal property having a *situs* outside of this State could not, under our statutes, be treated as existing at the domicile of the owner in this State for the purpose of taxation here ; and it only remains to be determined now, whether securities situated like those here in question, are to be treated by operation of the fiction referred to as within this State. I am of opinion that it is sufficiently clear that it was the legislative intent that they should not be so treated.

1882.]    PEOPLE, ex rel. JEFFERSON, v. SMITH et al.    581

Opinion of the Court, per EARL, J.

That choses in action can have a *situs* away from the domicile of the owner for the purpose of taxation and for other purposes, is frequently manifested in the statutes of this State. In the Revised Statutes, as amended by chapter 176 of the Laws of 1851, it is provided that every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal estate owned by him, including all personal estate in his possession or under his control as agent, etc.; and this statute has been construed to authorize the assessment of securities held by an agent in this State for a non-resident owner. (*The People* v. *Trustees of Ogdensburgh*, 48 N. Y. 390; *Williams* v. *The Board of Supervisors*, 78 id. 561; *Boardman* v. *The Board of Supervisors*, 85 id. 359.) Under these authorities it is clear that if the agents holding these securities had resided here, and the relator had resided outside of the State, notwithstanding the legal fiction invoked, the securities would have been taxable here to the agents. By chapter 371 of the Laws of 1851 it is provided, that " all debts owing by inhabitants of this State, to persons not residing within the United States, for the purchase of any real estate shall be deemed personal property within the town or county where the debtor resides, and as such shall be liable to taxation in the same manner and to the same extent as the personal estate of citizens of this State." The debts here mentioned are choses in action and, according to the contention of these assessors, could have an existence only at the domicile of the creditor, and, whether he lived in this country or in Europe, could make no difference with the legal fiction; and yet that it was the legislative intent that such debts for the purpose of taxation can have an existence away from the domicile of the owner cannot be questioned. (*People* v. *Trustees of Ogdensburgh, supra.*) By chapter 37 of the Laws of 1855 it is provided that all persons and associations doing business in the State of New York, as merchants, bankers or otherwise, and not residents of this State, shall be assessed and taxed on all sums invested in any manner, the same as if they were residents of this State. A foreign banker doing business in this State may have his

whole capital invested in securities and thus have nothing here but choses in action, and yet the legal fiction that they exist at his domicile must yield and they are taxable here. Shares of stock· in corporations are nothing but choses in action which represent the portion which the owner is entitled to receive of the profits of the corporation, and of its assets when it comes to be wound up, and yet, under our statutes, shares of stock in a foreign corporation owned by a resident of this State are not taxable here, and thus again the legal fiction yields for the purpose of taxation. Under the laws of Congress and of this State regulating the taxation of stockholders of banks, the shares of stock are not taxable at the domicile of the owner but at the place where the bank is located, and thus again is it recognized that such choses in action can have an existence away from the owner. By section 428 of the Code of Civil Procedure it is provided that for the purpose of conferring jurisdiction upon a Surrogate's Court, a debt evidenced by a bond, promissory note or other instrument for the payment of money, whether the debtor is a resident or non-resident of the State, shall be regarded as personal property at the place where the bond, note or other instrument is. (*Beers* v. *Shannon,* 73 N. Y. 292.)

From these citations I think it may safely be said that the legal fiction that choses in action always attend the owner and have a legal existence only at the place of his domicile has been frequently ignored· by the legislature in framing our system of taxation, and that it cannot be resorted to as a safe guide in the construction of the provision of the statute now under consideration. The statute providing for the taxation of "personal estate within this State" was not intended to subject to taxation, personal securities actually in another State, held, managed and controlled there, under the protection of the laws of that State, and subject to taxation there, in the hands of agents. It cannot be supposed that the legislature intended that our citizens should be subject to taxation here and in other States also upon the same property, or that it would tax in the hands of agents here securities belonging to non-resident owners, while

it denied the right of other States to tax the securities of our citizens in the hands of agents there.

The construction we have thus given to the statutes has been fully recognized by the courts of this State in the cases above cited, and in *People* v. *Gardner* (51 Barb. 352); *People, ex rel. Trowbridge,* v. *Commissioners of Taxes* (4 Hun, 595); *S. C.* (62 N. Y. 630); *Graham* v. *First Nat. Bank of Norfolk* (84 id. 393, 401); and it is also supported by the following decisions in other States. (*Supervisors of Tazewell County* v. *Davenport,* 40 Ill. 197; *Catlin* v. *Hull,* 21 Vt. 152; *Fisher* v. *Com'rs of Rush County,* 19 Kans. 414; *Taylor, Adm'r, etc.,* v. *St. Louis Co. Court,* 47 Mo. 594; *Alvany* v. *Powell,* 2 Jones' Eq. [N. C.] 51; *Lewis* v. *County of Chester,* 60 Penn. St. 325.) The case of *Catlin* v. *Hull* is very analogous to this and has frequently been cited in the courts of this State with approval.

The decision in the case of *Lord* v. *Arnold* (18 Barb. 104) does not favor the contention of the assessors in this case. There Smith, residing in Cattaraugus county, was the agent of Lord, who resided in the city of New York, and as such agent he held in his possession certain securities for the payment of money which belonged to Lord. Thus the owner and agent were both residents of this State; and it was held that the property could not, under the Revised Statutes, as amended by the act of 1851 above referred to, be assessed and taxed in the name of the agent in Cattaraugus county; and that case is in precise harmony with the case of *Boardman* v. *Supervisors of Tompkins County* (*supra*).

The case of *Kirtland* v. *Hotchkiss* (42 Conn. 426, affirmed in 100 U. S. 491), is very much relied on by the counsel for the assessors. In that case it was held in the State court that money invested in bonds secured by deeds of trust of real estate situated in another State, were taxable under the statute of Connecticut there considered. That statute was as follows: "Personal property, in this State or elsewhere, not expressly exempted by this act, shall be deemed, for the purpose of taxation, to include all moneys, credits, choses in action, bonds,

notes, stocks (except United States stocks), goods, chattels or effects or any interest therein; all ships and vessels propelled by steam or wind, whether at home or abroad, or whether registered, enrolled or licensed in this State or elsewhere or any interest, either legal or equitable, therein; and such personal property or interest therein being the property of any person resident of this State, shall be valued and assessed at its just and true value at the time of such assessment, and set in the list at its actual valuation in the list of the town where the owner resides, except when otherwise provided; but this section shall not be deemed to embrace money or property actually invested in the business of merchandising or manufacturing, when located out of this State." There were two questions involved in that case; *First.* Whether, by the terms of the statute, the property was taxable in the State of Connecticut; and *Second.* Whether the legislature had power to tax property so situated. There was very little contention in that case that the statute did not, by its terms, embrace the property, and it is difficult to see how there could have been, as it was the plain purpose of the statute to tax the owner for all his personal property, whether it was within the State or elsewhere. Upon the second question, which was very thoroughly discussed in the opinion of the court, the conclusion was reached that the legislature had power to tax money invested in securities outside of the State, and that conclusion receives our ready assent. The legislature of this State undoubtedly could have authorized the taxation of these securities of the relator at his domicile; but our construction of the statute is that it did not thereby intend to authorize such taxation. In the United States Supreme Court the only question considered was whether the Federal Constitution prohibits a State from taxing in the hands of one of its resident citizens a debt held by him against a resident of another State and evidenced by the bond of the debtor secured by deed of trust or mortgage upon real estate situated in the State in which the debtor resides, and it was held that it did not. It was also held in very broad terms that for the purpose of taxation a debt has its *situs* at the residence of the creditor and may be there taxed. The doctrine

as thus announced was sufficiently accurate for the decision of that case and there is nothing in the language of the opinion from which it can be inferred that the court meant to decide that a debt must always be taxed at the domicile of the creditor and not elsewhere. It would have been a more accurate statement of the doctrine to say that a debt *may* have its *situs* at the residence of the creditor and *may* be there taxed, and the doctrine as thus stated is sufficient for the decision of that case.

It is clear from the statutes referred to and the authorities cited and from the understanding of business men in commercial transactions, as well as of jurists and legislators, that mortgages, bonds, bills and notes have for many purposes come to be regarded as property and not as the mere evidences of debts, and that they may thus have a *situs* at the place where they are found like other visible, tangible chattels.

Without extending this discussion further, we are therefore of opinion that the judgment should be affirmed.

All concur.

Judgment affirmed.