Lawrence, J.
It is conceded that none of the trust property assessed and sought to be taxed is within the State ■of New York. That property consists of mortgages on lands in the States of Illinois, Iowa, Nebraska and Kansas, •of the nominal or par value of $40,000. The mortgages .are in the possession of Mr. Ivison, one of the three trustees residing in Rutherford, New Jersey, who has principal •charge and. management of the trust estate and securities.
The commissioners, upon application for a reduction of the assessment, reduced the same from $87,000 to $45,000, And struck off the name of Mr. Ivison from the assessment .rolls, leaving the assessment against the relators, as trustees, In the sum of $45,000. The relators claim that no assessment can be made against the trust property; first, because none of it was in the City of New York at the time of the .assessment; second, that the property was not in the possession or control of the resident trustees, and third, because the trustees are not, nor is either of them, the owners or •owner of the property assessed within the meaning of chapter 392 of the Laws of 1883. -
There can be no doubt that, prior to the passage of that .act, the trust securities were not “ personal estate within this State” within the meaning of the statute in relation to taxation (1 R. S. 387, § 1) and were not liable to taxation .in this State (People ex rel. Jefferson v. Smith, 88 N. Y. 576 and 577;* Hoyt v. Commissioners of Taxes, 23 Id. 224; People ex rel. Trowbridge v. Commissioners of Taxes, 4 Hun, 595;† People ex rel. Jefferson v. Gardner, 51 Barb. 352; and cases cited in 88 N. Y. 583).
It is not, however, to be disputed that it is within the •power of the Legislature to authorize the taxation of securities owned by a resident of this State,.although such securities may not be within the State (Kirtland v. Hotchkiss, *170 42 Conn. 426; s. c., 100 U. S. 491; People ex rel. Jefferson v. Smith, 88 N. Y. 584).
It is contended on the part of the respondents that the act of 1883 was passed in consequence of the decision in the case of People ex rel. Jefferson v. Smith (supra), and that under that act, the relators were liable to be assessed upon the trust securities.
The act provides that “ all debts and obligations for the-payment of money due or owing to persons residing within this State, however secured or wherever such securities shall be held, shall be deemed, for the purposes of taxation, personal estate within the State, and shall be assessed as such, to the owner or owners thereof, in the town, village or ward in which such owner or owners shall reside at the time such assessment shall be made, etc.”
The question then arises whether the property referred to in this proceeding can be said to be a debt or obligation due or owing to persons residing within this State. In the case of People ex rel. Strauss v. Coleman, I had occasion to examine this question, and I came to the conclusion that as the act of 1883 does not, in terms, refer to executors, agents or trustees, that a trustee or trustees should not be declared by construction to be the owner or owners of the securities mentioned in the act. After re-examining the question I adhere to the views expressed in that case, which was affirmed by the general term, but on another ground (see 44 Hun, 20). As has been shown above, by an unbroken line of authorities extending from the case of People ex rel. Hoyt v. Commissioners of Taxes, in the 23d N. Y. Reports, down to People ex rel. Jefferson v. Smith, in the 88th of N. Y. Reports, it has been held that personal property belonging to a resident of this State, and situated in another State, was not liable to be assessed or taxed. The act of 1883, which seeks to change the law in this respect, should not, it seems to me, be extended unduly by construction.
The legal title to the securities in question is of course *171 vested in the trustees, but they are not the owners thereof in the ordinary acceptation of that term. The whole beneficial interest is in the cestui que trust, who resides in the-State of California; and none of the persons interested in the' trust estate in remainder are residents of the State of New York. The trustees do not hold the property individually,, but jointly, and the property cannot be said to belong to any one or two of them, as contra-distinguished from the other (See Perry on Trusts, §§ 411, 412). The property is not-in this State, and derives no benefit or protection from its laws.
While, therefore, it may be within the power of the State; to tax such securities in the hands of the trustees here, although out of their physical possession, the determination of the State so to do must be arrived at by a natural—and not by a forced—construction of the amendatory statute.
To hold that the words “ owners or owner,” as employed in the act of 1883, embrace a trustee or trustees, where the-securities, the cestui que trust, the remaindermen and one of the trustees are without the State, would, in my opinion, be a forced construction of those words. The case of People ex-rel. Neustadt v. Coleman (42 Hun, 581), relied upon by the-respondent’s counsel, is not decisive of the question presented in this case. An examination of that case will show that stress was laid, in the opinion of the court, upon the fact that it did not appear that any part of the property for which the relator had been assessed was not in his possession, nor that the property itself was not located in the City of New York. On the contrary, it did appear that all of the securities were-kept in a safe deposit vault in said city, where they had apparently remained during the whole time intermediate the death, of the testator and the making of the assessment.
Stress was also laid upon the fact that neither of the nonresident executors had possession of the property assessed and. sought to be taxed, and that it was not liable to be taxed elsewhere (See People ex rel. Neustadt v. Coleman, 42 Hun,. 583, 585, 586). , *172 Various other questions are discussed in the brief presented by the counsel for the respondents, which if the views above expressed are correct, it is unnecessary to consider.
I am, therefore, of the opinion that the relators are entitled .to judgment, and the assessment should be stricken from -the roll.
Ordered accordingly.

 Aff'g 24 Sun, 492.

 This decision was affirmed, it seems, but without opinion, in 62 N. Y. 630.