## GESCHEIDT *v.* DRIER.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

GIFTS CAUSA MORTIS—DELIVERY.

On a claim by defendant of a certain savings bank book as a gift *causa mortis* from her aunt, whom she nursed during her last illness, the evidence tended to show that deceased promised to give the book to defendant when she died, but did not show any completed gift before the day of deceased's death. On the morning of that day defendant got the book from a place pointed out by deceased in her wardrobe, and afterwards put it back again, locked the wardrobe, and put the keys under her aunt's pillow. The book remained in the wardrobe until after the aunt's death. *Held,* that there was no sufficient delivery to support a gift.

Appeal from circuit court, Westchester county.

Action by Albert F. Gescheidt, executor of the last will and testament of Eva Schmidt, deceased, against Frederika Drier, to recover possession of a bank book which showed that plaintiff's testatrix had $1,145 deposited in her name in the East Chester Savings Bank, and which defendant claimed as a gift from testatrix. From a judgment entered on a verdict in favor of defendant, plaintiff appeals. Reversed.

Argued before BARNARD, P. J., and CULLEN, J.

*L. C. & W. P. Platt,* for appellant. *Wilson Brown, Jr.,* for respondent.

BARNARD, P. J. The plaintiff is the executor of Eva Schmidt. She died on the 4th of August, 1890, in Westchester county, and at her death there was a deposit in the East Chester Savings Bank of $1,145, with interest, standing in her name. The defendant claims a title to the deposit by a gift of the bank book to her in the lifetime of testatrix. The plaintiff produced evidence tending to show that the bank book was taken by defendant out of Mrs. Schmidt's wardrobe after testatrix's death. The testatrix died at the house of a Mrs. Miller, and defendant, who was a niece, nursed her during her last illness. The defendant gave evidence tending to show that the deceased promised to give the book to her "when she died," and that she spoke of the money as belonging to defendant. The proof fails to show any completed gift before the day of testatrix's death. On the morning of that day the defendant had "this bank book." She got it from a place pointed out by testatrix, "and I took it out, and put it back in the wardrobe again." The defendant locked the wardrobe after she put it back, and put the keys under Mrs. Schmidt's pillow. The book remained in the wardrobe until after her death. The evidence wholly fails to make out a gift. There was no proof of a delivery with intent to transfer the title made by the deceased in her lifetime. The possession of the book by defendant, and its replacement in the wardrobe by her, and the return of the keys to the deceased, taken together, fail to show a delivery. The case is not like *Bedell* v. *Carll,* 33 N. Y. 581, where a plaintiff who produced a prom-

issory note indorsed by the payee, in the absence of explanatory evidence, was held entitled to judgment. A delivery is equally essential in cases of gifts *causa mortis* and *inter vivos.* *Curry* v. *Powers,* 70 N. Y. 212. "To consummate a gift, whether *inter vivos* or *causa mortis,* the property must be actually delivered, and the donor must surrender the possession and dominion thereof to the donee." *Ridden* v. *Thrall,* 125 N. Y. 572, 26 N. E. Rep. 627. The evidence did not sustain the defense, and the verdict of the jury for defendant should be set aside, and a new trial granted; costs to abide event.