(Supreme Court, Special Term, New York County. June, 1900.)

1. TAXATION—ASSESSMENT—SITUS OF PROPERTY.
   Under Laws 1896, c. 908, § 3, providing that all personal property situate within the state is taxable, where a resident of the state owns cotton and silk goods in Massachusetts, whence, after being dyed and polished, they are required to be sent into the state to be manufactured into articles dealt

in by the owner, they are liable to assessment if at any time prior to the assessment they have been in the state. since property temporarily without the state acquires no new situs.

2. SAME—MONEY IN FOREIGN BANK.

Laws 1896, c. 908, § 3, provides that all personal property owned or situated within the state shall be taxable. Section 2, subd. 4, defines debts and obligations as personal property. *Held,* that where a resident of the state had money in a bank in England, while the relation of debtor and creditor technically existed, as the deposit remained money for all practical purposes, it was not liable to assessment.

Mandamus by the people, on the relation of the Kursheedt Manufacturing Company, against Thomas L. Feitner and others, as commissioners of taxes and assessments of the city of New York. Rights of the parties determined, and an order made conformable thereto.

M. A. Kursheedt, for relator.

John Whalen, Corp. Counsel (James M. Ward and A. T. Campbell, of counsel), for respondents.

LEVENTRITT, J. The relator asks that the action of the respondents in assessing its property for the year 1899 be corrected in two particulars. As to the first, a reference will have to be ordered to determine whether or not certain merchandise owned by the relator, which the respondents taxed, and which was then without the state of New York, to be sent into the state on occasion as required by the needs of the relator's business, was at any time prior to the day of assessment within the state of New York. By legal fiction the situs of personal property is at the domicile of the owner. But this fiction must yield in the equitable adjustment of a system of taxation, and it often becomes necessary, for the purpose of doing justice, that the actual situs of the thing to be taxed shall be examined. Story, Confl. Laws, § 550; People v. Smith, 88 N. Y. 576. It has even been said that there is no place for such a fiction in a well-adjusted system of taxation. People ex rel. Hoyt v. Commissioners of Taxes, 23 N. Y. 224, 228. The tax laws preceding the revision of 1896 have been construed to exclude from taxation against a resident personal property owned by him, and actually situated in another state or country. Actual dominion over the subject of taxation furnishes the basis of the power to tax. People ex rel. Hoyt v. Commissioners of Taxes, supra; People v. Smith, supra; In re Swift's Estate, 137 N. Y. 77, 32 N. E. 1096, 18 L. R. A. 709. While the earlier law provided that "all personal estate within this state" should be liable to taxation (1 Rev. St. p. 387, § 1), as against the present provision that "all personal property situated or owned within this state is taxable" (Laws 1896, c. 908, § 3), the rule, as applied to the case under consideration, remains unchanged. The reviser's note that section 3 of the Laws of 1896 is the prior section 1 "without change of substance" is explained when the word "owned" in the present law is limited to debts and other intangible property. Chapter 392 of the Laws of 1883 made specific provision as to debts and obligations for the payment of money to residents, and declared them personal property, within the state, for the purpose of taxation. Chapter 908 of the Laws of 1896—the present law—repealed the earlier act in toto, but re-enacted its provisions by

defining debts and obligations as personal property in subdivision 4 of section 2, and by adding the word "owned" to section 3. But the status of a resident's personal property capable of having an actual situs outside of the state remained unchanged, as it must remain in any equitably defensible system of taxation. Cooley, Tax'n, 159. Tangible personal property, however, which has, or has had, its situs within this state, and is, or has been, sent from the state temporarily, is, in my opinion, within the spirit or intent of the act. The situs of such property remains here. The property of the relator outside of the state consists of cotton and silk goods in Massachusetts, whence, after being dyed and polished, they are required to be sent into this state to be manufactured into the articles dealt in by the relator. If the cotton and silk goods had been in this state, so that dominion over them had been acquired, that property should not escape taxation merely because it is sent from the jurisdiction for a brief space, mayhap just prior to assessment day, to be brought back again as soon as prepared for the purposes of domestic manufacture. Even as our theory of taxation does not permit assessments against the personal property of foreign corporations not permanently invested here (People v. Commissioners of Taxes of City of New York, 23 N. Y. 242; People v. Barker, 5 App. Div. 246, 39 N. Y. S. 151; People v. Barker, 157 N. Y. 159, 51 N. E. 1043), so, conversely, personal property of a domestic corporation temporarily out of the state acquires no new situs, but retains that of its owner. I have examined the cases cited by the relator, and many others, and find that wherever personal property of a resident, outside of the state, has had immunity from taxation, the property was permanently beyond the jurisdiction. Thus, to cite only the leading case (People ex rel. Hoyt v. Commissioners of Taxes, supra), the goods and chattels were permanently situated at New Orleans. The same case contains a recognition of the principle that property temporarily within the state, as chattels in transit, should not be taxed. Page 240. If, then, the relator's property, concededly temporarily in Massachusetts, was never in New York, it cannot be taxed. If, however, the property was sent from here, I am of the opinion that it is liable to assessment. A careful examination of the record fails to disclose anything from which an inference might be drawn one way or the other. On this point, therefore, a reference must be ordered.

Secondly, as to the money in bank in England. It appears that the fund is permanently kept there, for the purpose of defraying expenses incurred by the relator in England and France. In so far as this money is to be treated as personal property permanently without the state, it would not be subject to taxation. Regarding the relation between bank and depositor as that of debtor and creditor, then, under sections 2 and 3 of our present tax law, the deposit in England would have to be regarded as a debt whose situs is at the residence of the owner, and thus taxable here. The court of appeals, however, in treating of the converse of the proposition here considered, held that while, under such circumstances, the relation of debtor and creditor technically existed, the deposit yet remained money for all practical purposes, and as such was taxable under the act there construed. In

re Houdayer's Estate, 150 N. Y. 37, 44 N. E. 718, 34 L. R. A. 235. Adopting this view, it follows that the bank deposit in England is not subject to taxation. Submit an order on notice conformable to the views here expressed.

Ordered accordingly.