The determination of the comptroller should be confirmed, and the certiorari quashed, with $50 costs and disbursements.

MAYHAM, P. J., concurs.    HERRICK, J., dissents.

---

(14 Misc. Rep. 382.)

PEOPLE ex rel. T. MARTIN BROS. MANUF'G CO. v. BARKER et al., Commissioners of Taxes.

(Supreme Court, Special Term, New York County.    November, 1895.)

TAXATION—PROPERTY OF NONRESIDENT.

A nonresident who maintains an office in New York, and keeps there goods manufactured by him in the state of his residence, is taxable on the amount of such goods, under the statute providing that all persons doing business in New York, and not residents of the state, shall be taxed on all sums invested in any manner in said business, the same as though they were residents of the state.

Certiorari by the T. Martin Bros. Manufacturing Company against Edward P. Barker and others, commissioners of taxes, to review an assessment on relator's property.    Quashed.

Elliott, Powell & Booth, for the relator.

John H. Ward, for commissioners.

RUSSELL, J.    The relator seeks to vacate an assessment of $10,000 made by the commissioners for the purposes of general taxation in the year 1894 in the city of New York.    The ground upon which the writ of certiorari was based is that the relator is a foreign corporation, and has no money or property invested in the state of New York.    During the review period, application was made to the commissioners to vacate the assessment; and the return shows that evidence was taken by which it appears the relator is a foreign corporation created under the laws of the state of Massachusetts, with its principal place of business and manufactory located in that state. It has in the city of New York a place for the sale of goods at 108 Worth street, and continuously keeps on hand at that place goods of its own manufacture for sale to the amount of at least $10,000; and it also admits "that the amount of the capital stock of the said company which it has invested in business in the city of New York, including its office furniture, safes, samples, and fixtures, and money used in the transaction of the business, will not exceed the sum of $500."    The statute applicable provides:

"All persons and associations doing business in the state of New York, as merchants, bankers or otherwise, either as principals or partners, whether special or otherwise, and not residents of this state, shall be assessed and taxed on all sums invested in any manner in said business the same as though they were residents of this state, and said taxes shall be collected from the property of the firms, persons or associations to which they severally belong."

It seems apparent that the sums invested in the office furniture and fixtures would be taxable within this state, and come within the strict

reading of the statute, as taxable property, but the more serious question is whether the goods kept for sale are liable to assessment and taxation.    No authority has been cited to me which exactly covers a case like the present, and I find it necessary to go back to the apparent object and purpose of the statute, to determine the legal question here involved.    It is apparent that the legislature, in framing a scheme of taxation as it exists at the present day, intended that those who did business in the state of New York with capital here invested for that purpose, and who necessarily seek and rely upon the protection of the government for the security of their dealings and property, should bear their just share of the burdens of taxation, which share is measured by the extent of the pecuniary interest located here.    There is no reason why the nonresident so doing business should be exempt from taxation, while his next-door neighbor, with the same amount of property, and doing the same amount of business, should bear the burden alone, as between the two.    The nonresident seeks the advantages of business opportunities which the state of New York affords him, as well as protection under its laws.    All of the considerations which go to make up the scheme of taxation for paying those necessary sums of money needed to maintain the security of law shielding business operations apply to the one case as forcibly as the other.    Why, then, should the nonresident corporation be exempt? Because it is claimed that their principal place of business and manufactory, where they keep their general books of account, is in another state?    Their sales of New York property are made through their office in New York.    They must keep there the necessary adjuncts to carry on business, including storeroom, furniture, and such books of account as are necessary to keep a proper record of the New York business, although they may forward the results of their business to the main office, outside the state, to be there inscribed as a part of the general business of the corporation.    The stock kept in New York requires the investment of the sums of money paid for material and labor and transportation to produce the goods, and although those goods were sold, so that the specific articles may be changed from day to day, the body of the investment remains, acquiring here in New York such a good will for the business and profits therefrom as to make the maintenance of that business acceptable to the corporation, as evidenced by its continuance for years.    I think the investment here comes fairly within the scope and meaning of the statute, and therefore must quash the writ of certiorari, with costs.

Certiorari quashed, with costs.