(5 App. Div. 246.)

PEOPLE ex rel. SHERWIN WILLIAMS CO. v. BARKER et al., Tax Commissioners.

(Supreme Court, Appellate Division, First Department.    May 15, 1896.)

TAXATION—PROPERTY OF NONRESIDENT.

    A nonresident who maintains an office in New York, and keeps there for sale goods manufactured by him in the state of his residence, is not taxable on the amount of such goods, under Laws 1855, c. 37, which provides that all persons doing business in New York, and not residents of the state, shall be taxed on all sums invested in any manner in said business, the same as though they were residents of the state. People v. Barker (Sup.) 36 N. Y. Supp. 76, disapproved.

Appeal from special term, New York county.

Certiorari by the Sherwin Williams Company to review an assessment of relator's property made by Edward P. Barker and others, commissioners of taxes and assessments. From an order modifying the assessment, defendants appeal. Affirmed.

Argued before BARRETT, RUMSEY, WILLIAMS, and INGRAHAM, JJ.

D. J. Dean, for appellants.
Mr. Porter, for respondent.

RUMSEY, J. The relator is a corporation of the state of Ohio, engaged in the manufacture of paint in the city of Cleveland, where it has its principal office and manufactory. It has a salesroom in the city of New York, to which it sends manufactured goods to be sold. The proceeds of the sales of those goods are at once remitted to the principal office of the company, reserving, however, a small amount for the purpose of paying the expenses of the business which is conducted in the city of New York. In the year 1894 it had on deposit in this city, of money reserved for that purpose, $781.45,

and its office furniture in its place of business here was worth about $500. In addition to that, it had in its store, sent from Ohio for sale, goods of the value of about $15,000, and it kept goods of about that average value here for sale. In the year 1894 the appellants assessed the relator to the amount of $16,200. It sued out a writ of certiorari to review that assessment. After return made and hearing had at special term, the assessment was reduced to $1,281.45, being the amount of money in the bank and the value of its office furniture. From the order thus reducing the assessment, the commissioners of taxes take this appeal.

The assessment upon the relator was made pursuant to chapter 37 of the Laws of 1855, which provides that all persons and associations doing business in the state of New York as merchants, bankers, or otherwise, either as principals or partners, whether special or otherwise, and not residents of this state, shall be assessed and taxed on all sums invested in any manner in said business, the same as though they were residents of this state. Shortly after this statute was passed, it was construed by the court of appeals in the case of People ex rel. Parker Mills v. Commissioners of Taxes, 23 N. Y. 242. That case presented the same question which is presented by the record here, on practically the same state of facts; and the court there held, as was held by the special term here, that the goods in the store of the relator, which had been sent here merely for sale, when it appeared that all that was done here was to receive and sell the goods, and remit the proceeds to the principal office of the Parker Mills, in Massachusetts, were not taxable under the law of 1855, above quoted. That case, as it seems to us, is precisely in point, and must be controlling upon this appeal; and, within the decision of that case, the special term was correct in reducing the amount of taxes as it did. That case is sought to be distinguished from the case at bar because it is said that the Parker Mills maintained in this city an agency merely for the sale of goods, whereas in this case the foreign corporation itself did business here. We do not think there is any such distinction between the two cases. It is quite true that the salesroom here was said to be a branch house, but the nature of the business, as it appeared from the testimony, was simply that the goods were sent here for sale by Mr. Kidder, who managed the business for the company here, and, when they were sold, the proceeds were remitted to Ohio; and no other business was done here than to sell the goods, and remit the proceeds. The relator no more did business here than did the Parker Mills in the case reported in 23 N. Y. The distinction, if there is any, is a mere distinction in names, and there is none whatever in the principles involved.

The case of People v. Barker, 14 Misc. Rep. 382, 36 N. Y. Supp. 76, is cited by the appellants as decisive in their favor; and there is no doubt that the rule laid down in that case, if it was the law, would require the reversal of this order. That case seems to have been decided without any reference to the Case of The Parker Mills, above cited; and it seems clear that, if that case had been brought to the attention of the learned judge who decided the case in the

Miscellaneous Reports (36 N. Y. Supp.), the result would have been different. It is not, as we think, a correct exposition of the law, and cannot be followed.

The case of People v. Roberts, 91 Hun, 158, 36 N. Y. Supp. 368, presents no question which is applicable to this case.

The final order made at the special term must be affirmed, with costs. All concur.