It would seem to be apparent that these moneys were just as much, in substance and in fact, property of the corporation invested in business, as if there had been no change whatever attempted. Merely calling them dividends, and nothing more, does not remove them from the category of assets. The money has remained in the business, subject to its risks, and forming part of the capital employed in it by the assent of the stockholders.

We think the commissioners were right in including the amount among the taxable assets of the relator, and the order appealed from is affirmed, with costs.

VAN BRUNT, P. J., and RUMSEY and O'BRIEN, JJ., concur. IN-GRAHAM, J., dissents.

---

PEOPLE ex rel. McSHANE MFG. CO. v. BARKER et al.

(Supreme Court, Appellate Division, First Department. December 17, 1897.)

TAXATION—FOREIGN CORPORATIONS.

A foreign corporation with an office in New York submitted successive verified statements and returns to the commissioners of taxes in March, April, and May, 1896, specifically acknowledging that it had certain sums invested in its business in the state, and liable to taxation. Later, in May, it filed a verified statement, claiming exemption, on the ground that its New York business was a mere sales agency. *Held*, that the determination of the commissioners in accepting and acting upon the earlier statements should not be disturbed.

Ingraham, J., dissenting.

Appeal from special term.

Certiorari by the people, on the relation of the McShane Manufacturing Company, against Edward Barker and others, commissioners of taxes. From an order dismissing the writ, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

J. B. Green, for appellant.
Jas. M. Ward, for respondent.

PATTERSON, J. The appeal from the order of the special term dismissing the writ of certiorari in this case brings up two questions. The first is similar to that considered in the Yellow Pine Co. Case (decided herewith) 48 N. Y. Supp. 553, and the same disposition is made of it as in that case. The other question relates to the right of the commissioners to make any assessment of the relator's property within this state, and it is claimed that the facts appearing before the commissioners bring the relator within the rule laid down by this court in the case of People v. Barker, 5 App. Div. 246, 39 N. Y. Supp. 151. This case does not fall within that rule. The petition indicates that the only ground of complaint is that of overvaluation. But it is further made to appear that there were in the possession of the commissioners statements and returns submitted by the relator which are entirely inconsistent with its claim that it was not doing business in the state of New York in

such a manner as to render its property within the state liable to
taxation.    On the 17th of March, 1896, the relator made a state-
ment in writing that it had invested in its business in the state of
New York, including the value of its office furniture, safe, samples,
and fixtures, money in bank and otherwise used in its business, the
sum of $79,504.13.    This is specifically stated to be "total sum in-
vested in business in this state."    On the 16th day of May, 1896, it
made a supplementary statement, in which it declared "that this
company heretofore, on or about April 7, 1896, made and delivered
to the said commissioners of taxes and assessments a statement of
its liability to taxation, to which statement this is supplementary."
On the 25th of May, the relator filed with the commissioners a veri-
fied statement, in which it claimed to be exempt from taxation, for
the reason that its business in the state of New York was simply
an agency for the sale of goods.    All the statements submitted were
verified, and it was the duty of the commissioners to act judicially
upon them all; and, in so doing, they have accepted the sworn
statements first put in, as they had the right to do, and with their de-
termination in that matter we are not disposed to interfere.

The order appealed from must be affirmed, with costs.

VAN BRUNT, P. J., and RUMSEY and O'BRIEN, JJ., concur.
INGRAHAM, J., dissents.