1898.] People ex rel. Armstrong Cork Co. v. Barker. 159

N. Y. Rep.]                    Statement of case.

those made in civil causes or proceedings are paid by the litigants or individuals interested.

When we consider that the under sheriff and deputies are occupied to a very great extent in rendering services and incurring disbursements in civil causes and proceedings which are paid for by the parties, I cannot believe that it was the legislative intention to change the old rule in any way, but rather to leave the sheriff to take all the fees and pay his under sheriff and deputies as heretofore.

I vote for affirmance of the order appealed from.

Parker, Ch. J., reads for reversal. Gray, O'Brien and Martin, JJ., concur. Bartlett, J., reads for affirmance, and Haight and Vann, JJ., concur.

Orders reversed and proceedings remitted to the Special Term for further disposition, with costs in all courts.

---

The People of the State of New York ex rel. The Armstrong Cork Company, Respondent and Appellant, v. Edward P. Barker et al., as Commissioners of Taxes and Assessments of the City of New York, Appellants and Respondents.

1. Tax — Non-resident Corporation — Capital Invested in Business in this State — Notes and Accounts for Goods Sold. For the purpose of the taxation of a foreign corporation, under the provision of the Tax Law (L. 1896, ch. 908, § 7) that "non-residents of the state doing business in the state, either as principals or partners, shall be taxed on the capital invested in such business as personal property at the place where such business is carried on, to the same extent as if they were residents of the state," the value of notes and open accounts, owing to the corporation for merchandise sold by it in the course of the transaction of its business in this state, is properly included in the assessment.

2. Merchandise at Principal Place of Business in this State. Where the business of a foreign corporation carried on in this state is intended by it to be a permanent and continuous business, including both the manufacture and the sale of goods, the value of its merchandise at the place designated by it as its principal place of business in the state is properly assessed for taxation under section 7 of the Tax Law, as being invested

in the business in this state, although the business conducted at that place consists wholly of selling, and, while a portion of the goods held there for sale was manufactured by the corporation within this state, a large portion was manufactured at the corporation's domicile in another state, to which the proceeds of sales are remitted.

*People ex rel. Armstrong Co.* v. *Barker,* 31 App. Div. 263, modified.

(Argued October 5, 1898; decided November 22, 1898.)

Cross-appeals from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 8, 1898, which modified an order of the Special Term that reduced the assessment of the relator for the year 1897.

The defendants appeal from so much of the order as modified the order of the Special Term by refixing and limiting the amount of the assessment to the sum of $240,872.20. The relator appeals from so much of the order as modified the order of the Special Term by increasing the amount of the assessment from $189,408.96 to $240,872.20.

This proceeding was by certiorari issued in pursuance of the provisions of chapter 908 of the Laws of 1896 to review an assessment of the capital of the relator invested in business in this state for the year 1897.

The relator is a foreign corporation organized under the laws of the state of Pennsylvania, having its principal place of business at Pittsburgh in that state. Its business is the manufacture and sale of corks, cork goods, the product of cork and kindred articles. It has in this state two places of business, one at 45 Murray street in the borough of Manhattan and the other at the corner of Bayard and Lorimer streets in the borough of Brooklyn. At its Brooklyn house it both manufactures and sells merchandise of the character mentioned, but the business carried on at the Murray street house is the selling of such merchandise. From the latter the relator sells goods that are made at its factories, a portion being manufactured without the state and a portion at Brooklyn, within the state. The business in Murray street was established for the purpose of selling the goods manufactured at those factories. The money realized from the sale of the

merchandise at the Murray street place is, after deducting the expenses of the business, remitted to the company's chief office at Pittsburgh.

The relator's statement to the defendants showing its condition on the second Monday of January, 1897, discloses that there was then due it on notes and accounts for the business transacted at the Brooklyn house $38,371.82, on notes and open accounts for business done at the Murray street house $51,463.24, making a total of $89,835.06; that the value of the merchandise in this state owned by the relator, which was at the Brooklyn house, amounted to $133,318.71, and that which was at the Murray street house to $101,451.80, making a total of $234,770.51; that the value of its plant and machinery in the state was $38,687.89; that the value of its safes, fixtures and furniture at the Brooklyn house was $1,232.78 and at the Murray street house $2,062.80, making a total of $3,295.58; that the Brooklyn house had cash on hand and in bank, $4,318.77, and the Murray street house had in cash and in bank $348.55, making a total of $4,667.32, and that there were bills and accounts payable, incurred for items included in the sales and assets enumerated, which were due from the Brooklyn house, amounting to $16,558.13, and from the Murray street house to $12,295.64, making a total of $28,853.77. Thus it appears from the relator's verified statement that its property in the cities of New York and Brooklyn was of the value of $371,256.36, and that, after deducting the liabilities mentioned, $342,402.59 was the net value of the relator's property. It was substantially for this sum that the commissioners assessed the relator.

The Special Term deducted from that assessment the amount of the notes and accounts which were receivable at the Murray street house and the value of the merchandise therein, which amounted to the sum of $152,915.04, upon the theory that those items did not constitute property within this state which was assessable against the relator, thus leaving the amount $189,408.96. Upon appeal to the Appellate Division, that court held that the amount of the notes and accounts owing

21

the business at the Murray street house was improperly deducted, and that it should be added to the $189,408.96, thus making the amount of the assessment, as corrected by that court, $240,872.20.

*Charles J. Hardy* for relator. The relator is entitled to all the deductions it claimed. (*People ex rel.* v. *Comrs.*, 23 N. Y. 242; *People ex rel.* v. *Barker*, 5 App. Div. 246; *S. & M. L. Co.* v. *Burleigh*, 27 App. Div. 99; *People ex rel.* v. *Barker*, 139 N. Y. 55; *Williams* v. *Suprs.*, 78 N. Y. 567.)

*James M. Ward* for defendants. Where, under the provisions of the General Corporation Law, a foreign corporation files with the secretary of state its application containing the recitals required by section 16 of that law, it is estopped thereafter from asserting that it is not engaged in the transaction of business within this state, so as to bring its tangible assets, the subject-matter of its business, within the jurisdiction of the assessing officers. (L. 1892, ch. 687; *People ex rel.* v. *Barker*, 5 App. Div. 246; 149 N. Y. 623.) At the time this assessment was made the respondent had capital invested in business within the state of New York to an amount equal to the valuation adopted by the tax commissioners. (*People ex rel.* v. *Barker*, 23 App. Div. 524; 155 N. Y. 665.) The determination of the tax commissioners was not inconsistent with or opposed to the law declared in *People ex rel. Parker Mills* v. *Comrs.* (23 N. Y. 242), or in the proceeding of *Sherwin-Williams Company* v. *Barker* (5 App. Div. 246). (*People ex rel.* v. *Comrs.*, 23 N. Y. 224; *People ex rel.* v. *Comrs.*, 59 N. Y. 40; *Williams* v. *Suprs.*, 78 N. Y. 561; *People* v. *H. S. M. Co.*, 38 Hun, 276.)

Martin, J. The appeals in this case present two questions. One is whether the Appellate Division correctly held that the value of the notes and accounts owing to the relator for property sold at the Murray street house was properly included in its assessment. The second is whether the goods and merchan-

dise in its store on Murray street were properly assessed.  The relator claims that neither was the proper subject of assessment in this state, while the defendants contend that both should be included.

The contention of the relator, that the Appellate Division erred in restoring the assessment as to its bills receivable for property sold at the New York house, cannot be sustained. A contrary doctrine was held in *People ex rel. Yellow Pine Co.* v. *Barker* (23 App. Div. 524), and that case was affirmed by this court on the prevailing opinion of the court below (155 N. Y. 665), so that the validity of that assessment is not an open question in this court.

This brings us to the consideration of the second question. The statute under which this assessment was made provides : " Non-residents of the state doing business in the state, either as principals or partners, shall be taxed on the capital invested in such business as personal property, at the place where such business is carried on, to the same extent as if they were residents of the state." (Laws of 1896, chap. 908, § 7.)  This is a substantial re-enactment of section 1 of chapter 37 of the Laws of 1855.  The latter statute has been the subject of adjudication by this court in at least two cases.

In *People ex rel. Parker Mills* v. *Commissioners of Taxes* (23 N. Y. 242) it was held that the goods of a non-resident, sent to this state for the purpose of sale, without reinvestment of the proceeds, were not liable to taxation under the statute of 1855, and that that act was designed to reach the capital of non-residents employed within the state in a continuous business, and not property sent here only as to a market for sale.  In the discussion of the question in that case, it was in effect said that the statute was intended to apply to foreign corporations, particularly to insurance companies, who establish agencies in the city of New York for the transaction of their corporate business, and to persons who were engaged in business in New York, having large amounts of property in the state, which escaped taxation under the rule that personal property is deemed to follow the person of the owner.

In *People ex rel. Sherwin-Williams Co.* v. *Barker* (5 App. Div. 246; affirmed by this court, 149 N. Y. 623) it was held that a foreign corporation, which had its principal office and manufactory in Cleveland, Ohio, and sent its manufactured goods to a salesroom in New York for sale, the proceeds of which, except a small amount to pay its office expenses, were remitted to Cleveland, was not liable to assessment for the amount of the goods usually kept on hand. If the facts in this case are like those in the cases to which we have alluded, it follows that the judgment of the Appellate Division must be affirmed.

The record in this case discloses that one of the directors of the relator and the manager of the Murray street house testified that the relator was incorporated under the laws of the state of Pennsylvania; that its home office was in Pittsburgh; that he was in business in the state of New York, and had filed with the comptroller of the state copies of the certificate of incorporation of the relator, giving the name of the company, its purposes of transacting business, and where the business of the company and its office in this state are located; that the certificate indicated the principal place of business as being at number 45 Murray street in the city of New York, and did not indicate any other place of transacting business in this state; that the company was engaged in the manufacture and sale of corks; that in the house at Brooklyn corks were manufactured from the raw material and sold from there, while in the Murray street house the goods were principally manufactured in Pittsburgh and sent here for sale, and that no manufacturing was done in New York city.

Section 15 of the General Corporation Law (Laws 1892, chap. 687) provides that no foreign or other than monied corporation shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in the state, and that no foreign stock corporation doing business here without such certificate shall maintain any action upon any contract made by it here until it has

complied with the law. This statute then declares that before granting such certificate the secretary of state shall require such corporation to file in his office a sworn copy of its charter or certificate of incorporation, and a statement under its corporate seal particularly setting forth the business or objects of the corporation which it is engaged in carrying on, or which it proposes to carry on within the state, and a place within the state which is to be its principal place of business, and designating a person upon whom process against the corporation may be served within the state in the manner prescribed by the Code. (§ 16.)

This evidence shows quite distinctly not only that the relator intended to do business as a corporation within the state, but that it intended that its principal place of business should be at 45 Murray street in the city of New York. This evidences a plain intent on the part of the corporation and its officers to establish a continuous business in the city of New York and not one of a temporary character. The distinction between this case and the cases to which we have referred lies in the fact that it was the purpose and intent of the relator to establish a permanent and continuous business in the state of New York, which included both the manufacture and the sale of goods manufactured, and in the fact that it designated its principal place for the transaction of such business as 45 Murray street in the city of New York. It is true that a large portion of the property sold at the Murray street house was manufactured in Pittsburgh, yet it also sold merchandise manufactured in this state. Under these circumstance we are of the opinion that the commissioners were justified in holding that the relator had invested in this state an amount equal to the value of the merchandise it had on hand, and that it was invested for the purpose of carrying on a somewhat permanent and continuous business here.

Thus, this case is clearly distinguishable from the cases to which we have adverted. We think the commissioners were justified in including in the relator's assessment the value of the merchandise on hand at its Murray street house as well as

the amount of the notes and accounts owing to it for property sold, and that the Appellate Division erred in refusing to restore the assessment to its original amount.

The order of the Appellate Division should be modified by restoring the assessment of the relator to its original amount as fixed by the defendants, and as so modified affirmed, without costs to either party.

All concur.

Ordered accordingly.