PEOPLE ex rel. CRANE v. FEITNER et al., Tax Commissioners.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

TAXATION—FOREIGN CORPORATIONS—CONTINUOUS BUSINESS.

 A foreign corporation filed with the secretary of state a certificate of incorporation and statement of its business, as required by the general corporation law (Laws 1892, c. 687, §§ 15, 16), and for four years carried on a continuous business in New York, selling goods manufactured at, and imported from, its home office; about $50,000 worth of such goods being continuously kept on hand in warerooms in New York, for sale and delivery there. *Held*, that there was the establishment of a continuous business in New York, and an assessment of the goods on hand, under Laws 1896, c. 908, § 7, subjecting to taxation capital of nonresidents invested in personal property in the state in a business carried on therein, was proper.

Appeal from special term, New York county.

Certiorari by the people, on relation of the Crane Company, against Thomas L. Feitner and others, tax commissioners. From an order sustaining the writ, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

James M. Ward, for appellants.
John B. Green, for respondent.

BARRETT, J. This case is distinguishable from People ex rel. Armstrong Cork Co. v. Barker, 157 N. Y. 159, 51 N. E. 1043, in but a single feature. There the foreign corporation manufactured goods in this state as well as in Pennsylvania, while here the relator's goods are manufactured exclusively in Illinois. The question is whether the relator has established a continuous business in the city of New York. If it has, then, as was said in the Armstrong Cork Co. Case, "the commissioners were justified in holding that it had invested in this state an amount equal to the value of the merchandise it had on hand" at the time of the assessment. It will

be observed that in the case cited the court of appeals did not apportion the value of the merchandise manufactured here and in Pennsylvania, nor was the isolated fact that some of its goods were manufactured here treated as controlling. That consideration, in connection with the filing of the statement and the procuring of the certificate provided for in the general corporation law (Laws 1892, c. 687, §§ 15, 16), was deemed sufficient to establish the essential fact of a continuous business, as distinguished from one of a temporary character. The manufacture of part of its goods here was but one of a group of evidential facts bearing upon the intent of the corporation to conduct a regular and permanent business in this state.

We think that the same intent must be gathered in the present case from all the facts. For upward of four years the relator has had a large and steady business in this state. It has now become thoroughly established here. Its warerooms for the sale of manufactured goods run from 122 to 130 Centre street, in this city. It has there a general manager and office force. It keeps a bank account in this city, in which it deposits remittances sent from the home office to pay the expenses of conducting its establishment here. It also has traveling salesmen, who are selling its goods throughout the state. These salesmen are employed and discharged by this general manager, and a considerable percentage of the goods sold by them is delivered from the establishment here. The office employés are also employed and discharged by its general manager. As a rule, the goods sold here are so sold upon a credit of from 30 to 60 days; and there was due to the establishment here, when the assessment was levied, some $80,000 for goods sold by it in this state during the previous three or four months. The relator keeps on an average $50,000 worth of property here, "waiting to be sold and delivered." Thus it is evident—First, that the relator's property is continuously under the protection of our laws; second, that the proceeds of its sales are not immediately remitted to the home office; and, third, that part of its capital is practically invested and reinvested here. As fast as goods are sold, others must be forwarded to keep up the average. Credit, too, is given in the usual way, and the bills receivable are retained here for collection in due course. When all the facts here are considered in connection with the application for, and procurement of, the statutory certificate, the case is just as clearly distinguishable from the Parker Mills and Sherwin-Williams Co. Cases (23 N. Y. 242; 5 App. Div. 246, 39 N. Y. Supp. 151), as was the Armstrong Cork Co. Case. Indeed, it is difficult to perceive what more this corporation can do to effect continuity and permanency in its business here.

It is contended that compliance with the corporation law in applying for and procuring the certificate referred to did not create an assessable condition, under the tax law; that the "business" spoken of in the one act has a different meaning from that referred to in the other; and consequently that, if the relator was not doing business in this state, within the meaning of section 7 of the tax law, prior to its application for and procurement of the certificate, its statutory declaration did not alter its actual condition. We need

not discuss this contention, for the reason that the assessable condition to which we have referred is in entire harmony with the declaration. The latter certainly negatives whatever possible doubt there might otherwise have been as to the permanency and continuity of the business conducted here. In the Sherwin-Williams Case, the foreign corporation had a salesroom here to which it sent manufactured goods for sale. The proceeds, however, were at once remitted to the home office. No other business was done here save to sell the goods and remit the proceeds. Upon these facts we held that the relator was within the principle of the Parker Mills Case; that its business was not a continuous or permanent one; and that its property was sent here transiently, and only to a market for sale. The facts in the case at bar, while in some respects like those of the Parker Mills and Sherwin-Williams Cases, vary materially, as we have seen, in several essential and controlling particulars. Upon all the facts here presented, we think the commissioners were justified in the general conclusion at which they arrived. They erred, however, in their computation, as correctly pointed out by the relator's counsel, to the extent of $3,924.35, and accordingly the assessment should be reduced to $50,865.65.

The order appealed from should be modified as indicated in this opinion, and the assessment reduced accordingly, without costs of this appeal. All concur.