(31 Misc. Rep. 553.)

PEOPLE ex rel. REVERSIBLE COLLAR CO. v. FEITNER et al.,
Commissioners of Taxes.

(Supreme Court, Special Term, New York County.  May, 1900.)

TAXATION—FOREIGN CORPORATIONS—CONTINUOUS BUSINESS IN STATE.

A foreign corporation filed with the secretary of state a certificate of incorporation and statement of its business, as required by the general corporation law (Laws 1892, c. 687, §§ 15, 16), and for six years carried on a continuous business in New York.  No officer resided in the state; sales being made by a managing agent, the proceeds of which, less incidental expenses, were at once remitted to the home office.  *Held*, that there was the establishment of a continuous business in New York, and an assessment of the goods on hand was proper, under Laws 1896, c. 908, § 7, subjecting to taxation capital of nonresidents invested in personal property in the state, in a business carried on therein.

Certiorari by the people, on relation of the Reversible Collar Company, against Thomas L. Feitner and others, commissioners of taxes, etc., to review a tax assessment.  Dismissed.

Putney & Bishop, for relator.
John Whalen, Corp. Counsel, and James M. Ward, for respondents.

LEVENTRITT, J.  The relator is a foreign corporation organized and existing under the laws of the state of Massachusetts.  Its manufacturing plant and principal office is in the city of Boston.  In 1894, in accordance with the provisions of the general corporation law (sections 15, 16, c. 687, Laws 1892), it secured the statutory certificate, designating in its application its principal place of business in this state as No. 77 Franklin street, in this city (New York).  That certificate has never been canceled or revoked, but remains in full force and effect, and the relator has for a period of six years continued its business at the place specified in the certificate.  In its statement delivered to the commissioners to secure the correction of the alleged erroneous assessment, the relator stated its assets as follows:  The amounts receivable in the state of New York on notes and open accounts which were at once transmitted to Boston were $2,147.36.  The value of all the goods in the city and state of New York was $2,547.17.  The value of safes, fixtures, and furniture in the city and state of New York was $150.  Cash on hand and in bank was $713.83.  The relator also set forth that it had in this city only a salesroom; that the proceeds derived from the sale of goods were at once remitted to Boston; that no officer resided in this state, the sale business here being attended to by a managing agent.  On these facts it was contended that no capital was invested in business in this state, and that the assessment based on the foregoing items of assets was consequently erroneous.  The commissioners thereupon examined the relator's managing agent, and concluded that the relator had carried out its indicated intention to conduct business in this state; that it at all times carried at its New York branch a stock of goods for sale; that it sold and delivered goods from that branch on credit; that at the expiration of the credit the proceeds were collected here, and part thereof retained for the incidental expenses of the business in New York.  They therefore assessed the relator for capital invested in this state, to the extent dis-

closed in the statement set out. I am of the opinion that the assessment comes within section 7, c. 908, Laws 1896, which provides:

"Nonresidents of the state doing business in the state, either as principals or as partners, shall be taxed on the capital invested in such business as personal property, at the place where such business is carried on, to the same extent as if they were residents of this state."

This section has received judicial construction in two recent cases, in which, on facts essentially similar, the court of appeals and the appellate division of this department declared in favor of the tax. People ex rel. Armstrong Co. v. Barker, 157 N. Y. 159, 51 N. E. 1043; People ex rel. Crane Co. v. Feitner (App. Div., 1st Dept.; MS.; March 9, 1900; Sup.) 62 N. Y. Supp. 1107. In the Armstrong Case, a Pennsylvania corporation, with its home office in Pittsburg, had secured and filed its certificate in this state, indicating its principal place of business as being at 45 Murray street, in this city. No other place was named, although it appeared that it maintained a manufacturing branch in the city of Brooklyn. No goods were manufactured in New York City, and those there sold were principally manufactured in Pittsburg; only a small quantity of the Brooklyn product being disposed of at the Murray street house. The precise question involved was whether there should be included in the relator's assessment the merchandise on hand at the Murray street store. The court of appeals held that the procurement of the certificate, taken in connection with the other circumstances of the case, indicated a plain intent on the part of the corporation to establish a permanent and continuous business in this state, and that the commissioners were justified in holding that the relator had invested in this state an amount equal to the value of the merchandise it had on hand. It will be observed that the main point of difference between the Armstrong Case and the case at bar lies in the fact that in the former the relator manufactured goods in this state, selling a part thereof from its designated principal place of business, while in the latter no goods whatsoever were manufactured here. The fact of manufacture, however, is not a controlling element. It becomes important on the question of intent, in the same manner that the procurement of the certificate does. Is the relator carrying on only a transitory business, making its New York branch merely a temporary depot for sales, and nothing more, or do all the facts, taken together, stamp the operations carried on within our jurisdiction as permanent? In the Crane Case, supra, which was distinguishable from the Armstrong Case solely in the particular which distinguishes that case from the one at bar, the appellate division of this department similarly sustained the tax. The Crane Company was an Illinois corporation, confining its manufactures exclusively to that state. It had also obtained a certificate in the nature of a license to do business in New York, where it had carried on a steady business for four years. It had large warerooms in this city, a general manager, and an office force, employed and discharged here. It kept a bank account, in which were deposited remittances from the home office for the payment of the expenses of the local establishment. Goods were there sold on credit, and an average stock maintained, which was continuously replenished from the Illinois factories. The appellate di-

vision, construing the Armstrong Case, and pointing out that the part manufacture in this state was not the controlling feature in that decision, sustained the tax on the ground of intent; holding that there was continuity and permanency of business here. Comparing the facts of the Crane Case with those before me, I recognize a difference in but one particular, but none in the material question,—intent. In the Crane Case it appeared that the proceeds were not immediately remitted to the home office. In this case the allegation is, "The amounts receivable in the state of New York on notes and open accounts which were at once transmitted to Boston were $2,147.36." This statement is not quite intelligible. It appears that the goods were sold and credits given from this city. The fair inference from the relator's original statement to the commissioners, and from the subsequent examination of its manager, is that collection of this sum was made here, and that only an amount over and above the necessary incidental expenses of the local branch were remitted to Boston. If the notes and open accounts were immediately transmitted to the home office for collection, then the amounts represented by them were not "receivable in the state of New York." In any event, I do not regard the question of the remittance of the proceeds as a controlling factor. As was said in the Crane Case, it is merely one of a series of evidential facts; that is, if there were other circumstances negativing the idea of permanency of business, that might be taken into consideration, and, in a doubtful or close case, be the determining element. Not so here. Regarding the relator's entire course of business in this state, the intent, borne out by conduct, to establish and maintain a permanent business, is, to my mind, unmistakable. Six years ago the relator invoked the protection of our laws. It applied for and obtained a certificate to transact business in this state. Since that time it has uninterruptedly sold and delivered goods from its principal place of business in this city. It has kept on hand continuously a stock of goods. It has had a regular bank account for the purpose of defraying local expenses. Terms of sale, credits, and collections have been determined in the Franklin street office; the entire management and control of the New York business, so far as appears from the papers, is centered in this city. I cannot escape the conclusion that there has been a clear manifestation and consummation of the purpose permanently to locate here.

The two cases relied on by the relator (People ex rel. Parker Mills v. Commissioners of Taxes, 23 N. Y. 242, and People ex rel. Sherwin-Williams Co. v. Barker, 5 App. Div. 246, 39 N. Y. Supp. 151) have been sufficiently distinguished in the cases already cited. It is only necessary to point out that in each case the intent was the determining feature. In the Parker Mills Case it was held that the mere sending of property into the state for the purpose of a market, without reinvestment of proceeds, did not make it liable to taxation; and in the Sherwin-Williams Case no certificate had been procured, and there was lacking other evidence of intention to continue a permanent business in this jurisdiction. The determination of the tax commissioner was correct in law, and should be sustained.

Writ dismissed.