the real estate; she had no interest in it; and, as the will undertook
to devise the particular property described, we are of opinion that
it ceased to have any effect upon the consummation and ratification
of the sale by the testatrix.

The judgment appealed from should be affirmed, with costs. All
concur.

PEOPLE ex rel. SHERWIN–WILLIAMS CO. v. FEITNER et al., Com-
missioners.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

1. FOREIGN CORPORATIONS—LIABILITY TO ASSESSMENT—CONDUCTING BUSINESS.
     Where a foreign corporation filed with the secretary of state its cer-
     tificate of incorporation and declaration of intention to transact busi-
     ness in the state, with the city of New York as its principal business
     place, and thereafter occupied a warehouse in said city, opening a bank
     account therein, and having a general manager and an office force and
     salesman under him, who sold goods throughout the state, the goods be-
     ing delivered from the New York warehouse, and the accounts payable
     at the New York office, such business being carried on for 12 years, the
     corporation was conducting a continuous business within the state, and
     was liable to assessment under Laws 1896, c. 908, § 7, subjecting to taxa-
     tion capital of nonresidents invested as personal property in the state,
     in a business carried on therein, to the same extent as if they were
     residents.

2. SAME—REDUCTION—DEBTS NOT DUE.
     Where a foreign corporation was liable to assessment on the capital
     invested in its business carried on in the state under Laws 1896, c. 908,
     § 7, it was not entitled to a reduction of its assessment on the ground of
     its alleged indebtedness for unearned salaries of its employés, or for
     rent, neither of which existed at the time the assessment was made.

Appeal from special term, New York county.

Certiorari by the people, on the relation of the Sherwin-Williams
Company, against Thomas L. Feitner and others, commissioners of
taxes, etc. From an order of the special term quashing the writ,
relator appeals. Affirmed.

The following is the opinion of the lower court (FREEDMAN, J.):

This is a proceeding taken by a certiorari to review an assessment under
section 7 of chapter 908 of the Laws of 1896 upon capital invested in busi-
ness by the relator, a nonresident corporation, in the state of New York.
From the return made herein by the tax commissioners it appears by the
testimony taken upon the hearings had before them that the relator, in
December, 1892, filed with the secretary of state of New York the usual cer-
tificate required by law, in which it declared its intention of transacting
business in the state of New York, and designating the city of New York
as the principal place for the transaction of such business within the state.
It further appears that the relator occupies a large warehouse for the sale
of its manufactured goods at No. 347 Washington street, in the city of New
York; that it there has a general manager and an office force; that it keeps
a bank account in this city, in which it deposits the sums received from the
sales of goods in this state, and from which it pays the expenses of conduct-
ing its business. It also appears that the corporation has traveling sales-
men, who sell its goods in this state; that these salesmen, as well as the
office force, are employed and discharged by the general manager aforesaid;
that all the goods sold in this state are delivered from the New York ware-
house; that part of those goods are sold upon credit, the accounts due there-
for being payable at the New York office; and that such business has been.

carried on in practically the same manner for a period of 12 years past. The assessment against the relator was made up from the following items, of the correctness of which there is no dispute: Amount due for goods sold within this state, and payable at the New York office, $41,662.51; merchandise on hand, $25,000; furniture and fixtures, $1,500; cash on hand and in bank, $808.77,—$68,971.28. The facts clearly show that the relator has established and conducted a continuous business within this state, and it is thus brought directly within the decisions in the cases of People v. Barker, 157 N. Y. 159, 51 N. E. 1043, People v. Feitner, 49 App. Div. 108, 62 N. Y. Supp. 1107, and People v. Feitner, 31 Misc. Rep. 553, 65 N. Y. Supp. 518. Neither is the relator entitled to a reduction of its assessment upon the ground of its alleged indebtedness for unearned salaries of its employés, or for rent, as no liability therefor on the part of the relator existed at the time the assessment was made. The writ must, therefore, be quashed, with costs against the relator.

Argued before VAN BRUNT, P. J., and O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

A. B. Porter, for appellant.

A. T. Campbell, Jr., for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of the court below.

---

TOWN BOARD OF TOWN OF JAMAICA v. DENTON et al.

(Supreme Court, Special Term, Queens County. March, 1895.)

1. EMINENT DOMAIN—TOWN HALL—CONDEMNATION—PETITION—TOWN BOARDS.

Under Laws 1894, c. 146, providing that the town board is vested with the power to acquire, take, and hold in the name of the town, by purchase or condemnation, lands adjacent to the town hall, as such board may deem necessary or proper, the town board may institute proceedings by petition for the condemnation of such lands.

2. SAME—TITLE OF LAW—CONSTITUTIONALITY.

Laws 1864, c. 147, provided that commissioners be appointed to purchase a site and build a town hall, but gave no authority to condemn land. Laws 1894, c. 146, entitled "An act to amend chapter 147 of the Laws of 1864, entitled 'An act to provide for the erection of a town hall in the town of Jamaica, * * *' and acts amendatory thereof," amends section 3 of such act so as to provide that the town board is vested with power to acquire land for the town adjacent to the town hall by purchase or condemnation. Held, that such amendatory act was not unconstitutional, as a local, special law embracing the power to condemn land, which is not expressed or suggested by its title, since condemnation proceedings are so generally resorted to in obtaining sites for public buildings that any well-informed person, seeing a statute providing for the erection of a public building, would expect to find in it a grant of authority to exercise the right of eminent domain.

3. SAME—USE OF LAND.

Laws 1894, c. 146, providing that the town board may acquire lands for the town, adjacent to the town hall, by purchase or condemnation, is not unconstitutional for failing to specify the particular public use for which the land is to be acquired, since the use should be construed as being connected with the erection and maintenance of the town hall authorized to be constructed by the act to which this is an amendment.

4. SAME.

Where a town board are authorized to acquire land by condemnation for use in connection with the town hall, their petition for the appoint-