THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE DIVES-PELICAN MINING COMPANY, Appellant, *v.* THOMAS L. FEITNER and Others, Commissioners of Taxes and Assessments of the City of New York, Respondents.

*Tax — what is not " doing business" in the State of New York.*

A corporation organized under the laws of the State of Colorado and having its principal place of business in that State, was authorized to do business in the State of New York and had an office in the city of New York. The New York office was maintained for the sole purpose of enabling the directors of the corporation to meet in it and declare dividends upon its stock. No goods of the corporation were sent to or sold in New York, and it had no bills receivable in New York, and the only assets which it had in that State were its office furniture and money on hand and in bank which had been sent from its principal office to its New York office for the purpose of paying dividends.

*Held,* that the corporation was not "doing business" in the State of New York within the meaning of section 7 of the Tax Law (Laws of 1896, chap. 908).

APPEAL by the relator, The Dives-Pelican Mining Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of July, 1902, dismissing a writ of certiorari to review an assessment upon personal property for the purposes of taxation, and also from a judgment in favor of the defendants entered in the office of the clerk of the county of New York on the 5th day of August, 1902, pursuant to said order.

*Robert L. Harrison,* for the appellant.

*David Rumsey,* for the respondents.

McLAUGHLIN, J.:

The relator is a foreign corporation organized under the laws of the State of Colorado and has its principal place of business at Georgetown in that State. It also has an office in the city of New York and has been authorized to do business in the State of New York.

During the year 1901 it was assessed by the commissioners of taxes and assessments in the city of New York for the purposes of taxation for that year on certain personal property, and during the time within which correction of the assessment could be made it appeared before the taxing officers and asked that the assessment be stricken from the roll, and in connection with its request filed a verified statement showing what property it had in the State of New York. From this statement it appeared that its entire assets in the State of New York consisted of a safe, office furniture and fixtures of the value of $150 and cash on hand and in bank, amounting to $3,364.86. The commissioners of taxes and assessments held that this property was taxable in the State of New York and assessed it at $3,500. The relator thereupon procured a writ of certiorari to review the assessment, and the matter coming on to be heard before the Special Term the writ was dismissed, and from that order the present appeal is taken.

There is no dispute as to the facts. The sole question presented is whether or not the property of the relator comes within section 7, chapter 908 of the Laws of 1896, so as to make it liable for taxation in this State. This section provides: " § 7. When property of

nonresidents is taxable.— Nonresidents of the State doing business in the State, either as principals or partners, shall be taxed on the capital invested in such business as personal property at the place where such business is carried on to the same extent as if they were residents of the State." But this corporation was not doing business in the State of New York in the sense in which that term is used in the statute. The fact that it had an office here and was authorized to do business did not make it " doing business." The office which it had here was used simply for the purpose of enabling the directors to meet in it and declare dividends upon its preferred stock, and the cash on hand and money in bank was for the purpose of paying such dividends when declared. This is all the business it did in the State of New York, and this clearly did not bring it within the statute making it liable to taxation.

The case is much like *People ex rel. Sherwin Co.* v. *Barker* (5 App. Div. 246 ; S. C. affd., 149 N. Y. 623). There it was held that a foreign corporation which had its principal office and manufactory in Cleveland, Ohio, and sent its manufactured goods to a salesroom in New York for sale, the proceeds of which, except a small amount for rent, etc., were sent to Cleveland, was not liable to assessment for the amount of goods usually kept on hand.

Here no goods were sent to New York; no sales were made in New York, and it had no bills receivable in New York. Can it be said, simply because a foreign corporation has an office in the State of New York, in which directors meet for the purpose of declaring dividends, and then has money sent from its principal office to New York with which to pay those dividends, that that makes it liable to taxation ? Manifestly not.

The order appealed from must be reversed, with ten dollars costs and disbursements, and the assessment stricken from the roll, with fifty dollars costs.

Van Brunt, P. J., Patterson, O'Brien and Laughlin, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and assessment stricken from the rolls, with fifty dollars costs.