PEOPLE ex rel. DIVES–PELICAN MIN. CO. v. FEITNER et al., Tax Com'rs.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. TAXATION—NONRESIDENCE—CORPORATION.

> A foreign corporation which was authorized to do business in the state, and had an office there, and cash in a bank, but whose sole business in the state consisted in directors' meetings for the declaring of dividends, and in the sending of money to the bank from its outside, main office, for the purpose of meeting the dividends, was not doing business in the state, within the meaning of Laws 1896, c. 908, § 7, providing for the taxation of the capital invested by any nonresident doing business in the state.

Appeal from special term, New York county.

Certiorari by the people, on the relation of the Dives-Pelican Mining Company, against Thomas L. Feitner and others, as commissioners of taxes and assessments. From an order dismissing the writ, relator appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Robert L. Harrison, for appellant.
David Rumsey, for respondents.

McLAUGHLIN, J. The relator is a foreign corporation organized under the laws of the state of Colorado, and has its principal place of business at Georgetown, in that state. It also has an office in the city of New York, and has been authorized to do business in the state of New York. During the year 1901 it was assessed by the commissioners of taxes and assessments in the city of New York for the purposes of taxation for that year on certain personal property. and, during the time within which correction of the assessment could be made, it appeared before the taxing officers and asked that the assessment be stricken from the roll, and, in connection with its re-

quest, filed a verified statement showing what property it had in the state of New York. From this statement it appeared that its entire assets in the state of New York consisted of a safe, office furniture, and fixtures, of the value of $150, and cash on hand and in bank amounting to $3,364.86. The commissioners of taxes and assessment held that this property was taxable in the state of New York, and assessed it at $3,500. The relator thereupon procured a writ of certiorari to review the assessment, and, the matter coming on to be heard before the special term, the writ was dismissed, and from that order the present appeal is taken.

There is no dispute as to the facts. The sole question presented is whether or not the property of the relator comes within section 7, c. 908, of the Laws of 1896, so as to make it liable for taxation in this state. This section provides:

"Sec. 7. When Property of Non-Residents is Taxable. Non-residents of the state, doing business in this state, either as principals or partners, shall be taxed on the capital invested in such business as personal property, at the place where such business is carried on, to the same extent as if they were residents of the state."

But this corporation was not doing business in the state of New York in the sense in which that term is used in the statute. The fact that it had an office here, and was authorized to do business, did not make it "doing business." The office which it had here was used simply for the purpose of enabling the directors to meet in it and declare dividends upon its preferred stock, and the cash on hand and money in bank was for the purpose of paying such dividends when declared. This is all the business it did in the state of New York, and this, clearly, did not bring it within the statute making it liable to taxation. The case is much like People v. Barker, 5 App. Div. 246, 39 N. Y. Supp. 151, affirmed 149 N. Y. 623, 44 N. E. 1128. There it was held that a foreign corporation which had its principal office and manufactory in Cleveland, Ohio, and sent its manufactured goods to a salesroom in New York for sale, the proceeds of which, except a small amount for rent, etc., were sent to Cleveland, was not liable to assessment for the amount of goods usually kept on hand. Here no goods were sent to New York, no sales were made in New York, and it had no bills receivable in New York. Can it be said, simply because a foreign corporation has an office in the state of New York, in which directors meet for the purpose of declaring dividends, and then has money sent from its principal office to New York, with which to pay those dividends, that that makes it liable to taxation? Manifestly not.

The order appealed from must be reversed, with $10 costs and disbursements, and the assessment stricken from the roll, with $50 costs. All concur.