(42 Misc. Rep. 423.)

PEOPLE ex rel. FARCY & OPPENHEIM CO. v. WELLS et al., Com'rs.

(Supreme Court, Special Term, New York County. January, 1904.)

1. TAXATION—FOREIGN CORPORATIONS—CAPITAL IN STATE.

Under Laws 1896, p. 801, c. 908, § 7, providing that nonresidents of the state doing business in the state shall be taxed on the capital invested as personal property at the place where such business is carried on as if they were residents of the state, a foreign corporation manufacturing goods in France, maintaining in the city of New York an agency for the sale of its goods shipped from France, and remitting the proceeds, less the expenses, to France, and renting a storage place in the city of New York, is not taxable, except on the value of its office furniture.

Certiorari by the people, on the relation of the Farcy & Oppenheim Company, against James L. Wells and others, to review proceedings in assessment for personal taxes. Assessment confirmed in part.

Frederic R. Coudert and Charles A. Conlon, for relator.

Curtis A. Peters (John J. Delany, Corp. Counsel), for respondents.

BISCHOFF, J. The relator, a foreign corporation engaged in the manufacture of goods in France, maintained an agency in this city for the sale of its goods, the proceeds, over and above the expenses of maintaining the agency, being remitted to it at its home office, and all the goods sold being manufactured abroad and shipped for sale in such quantities as were required. For the purposes of this agency, a loft and independent storage space were rented upon yearly lease, the transactions having covered a period of about three years at the time when the assessment under review was made.

The statute under which the relator may be taxed, if at all (Tax Law, Laws 1896, p. 801, c. 908, § 7), provides: "Nonresidents of the state doing business in the state, either as principals or partners, shall be taxed on the capital invested in such business, as personal property, at the place where such business is carried on, to the same extent as if they were residents of the state."

In the case of People ex rel. Parker Mills v. Commissioners, 23 N. Y. 242, under an earlier statute identical in purport, it was held that goods sent by a foreign corporation for sale within the state at or through the operations of an agency maintained for the purpose were not to be made the basis of assessment for taxation as capital invested in a business. This case was followed in People ex rel. Sherwin Williams Co. v. Barker, 5 App. Div. 246, 39 N. Y. Supp. 151, and the doctrine of both cases was approved in People ex rel. Armstrong Cork Co. v. Barker, 157 N. Y. 164, 51 N. E. 1043; the tax in the latter case, however, being upheld upon the distinction found in the fact that some of the goods thus sold were manufactured within the state, and that the party taxed had filed a certificate declaring an intention to do business within the state.

Following this, other cases have been presented where such a tax was sustained, in each of which the declared intention to do business was present, and the intent, thus indicated, was deemed an important factor, and, for the purposes of a distinction from the earlier cases, would seem to have been the controlling factor. People ex rel. Sher-

win Williams Co. v. Feitner, 60 App. Div. 628, 70 N. Y. Supp. 836; People ex rel. Crane Co. v. Feitner, 49 App. Div. 108, 62 N. Y. Supp. 1107; People ex rel. Collar Co. v. Feitner, 31 Misc. Rep. 553, 65 N. Y. Supp: 518.

It may be noted that the tax law requires the concurrence of business done and capital invested in that business, but the intent to maintain a business, while satisfying the former requisite, does not necessarily meet the latter, which depends upon the character of the "investment," and it was upon this characteristic that the earlier cases, alluded to above, proceeded when holding that the value of foreign goods sent here for sale was not a taxable "investment."

The theory of the later authorities is deemed to be that, where the sales agency is a permanently established business, it loses its character as a mere place for the distribution of goods, and the value of the goods thus becomes invested capital. An instance is afforded by the case of People ex rel. Durand-Ruel v. Wells, 41 Misc. Rep. 144, 83 N. Y. Supp. 936, where a large building was leased for successive terms of five years, and the business conducted was the sale of works of art purchased abroad for the American market. There the so-called agency was deemed upon the facts to be an independent business, and the conclusion accords with reason.

In the case before me I find no reasonable ground for a distinction from the Parker Mills Case, supra, and from my examination of the authorities I do not understand that the doctrine there announced has been overruled by later expression.

The nature and surroundings of the transactions conducted by the relator do not suggest an independent, permanent business to any degree which might differentiate the case from the Parker Mills Case, nor can the mere duration of the sales for three years afford an arbitrary ground of distinction, where the intention to conduct a permanently located business is not otherwise clearly indicated.

So far as the relator maintains a sales agency, the value of the goods on hand for sale, as I find, is not taxable, but "business" of this limited character is done, none the less, and the value of the office furniture employed in that business is logically capital invested, and to this extent the assessment may properly be upheld.

Assessment confirmed as to $800 thereof; otherwise vacated. Ordered accordingly.