PEOPLE ex rel. SMITH COMPANY *v.* ROBERTS.    455

App. Div.]        Third Department, March Term, 1898.

———

The People of the State of New York ex rel. H. B. Smith Company, Relator, *v.* James A. Roberts, as Comptroller of the State of New York, Respondent.

*Taxation of a foreign corporation — not proper where it merely solicits orders, leases an office and keeps samples and a bank account in the State of New York.*

A foreign corporation, whose business, carried on in the State of New York, is confined to soliciting and obtaining, through agents, orders which are filled by goods shipped from its factory in the State of its domicile, and which, in the conduct of such business, leases an office in the city of New York where it keeps samples of the value of about $4,000, and has a bank account in that city showing an average balance of $3,470, is not taxable upon its business and franchise under the provisions of chapter 542 of the Laws of 1880, and the acts amendatory thereof.

Certiorari issued out of the Supreme Court and attested on the 26th day of January, 1897, directed to James A. Roberts, as Comptroller of the State of New York, commanding him to certify and return to the office of the clerk of the county of Albany all and singular his proceedings in assessing a franchise tax upon the relator for the year ending November 1, 1895.

*Edmund L. Cole* and *John B. Green*, for the relator.

*T. E. Hancock, Attorney-General,* and *G. D. B. Hasbrouck, Deputy Attorney-General,* for the respondent.

PUTNAM, J. :

The papers submitted show that the only business carried on by the relator, a foreign corporation, in this State during the year ending November 1, 1895, was that of soliciting orders through agents, and that when the orders were obtained, the goods were shipped from its factory at Westfield, Mass., to the purchaser. Such a business cannot be taxed in this State. (*Brennan* v. *Titusville,* 153 U. S. 289 ; *Robbins* v. *Shelby Co. Taxing District,* 120 id. 489.)

In the carrying on of its business of soliciting and obtaining orders within this State, the relator had the lease of an office in New York city in which it kept samples of the value of about $4,000, and it also kept a bank account in which the average balance was $3,470. But such fact did not render the relator liable to taxation under the provisions of chapter 542, Laws of 1880, and acts amendatory thereof, on account of said lease, or for the value or amount of said samples and bank balance. Such lease, bank account and samples were merely incidental to the business of soliciting orders and making sales, which the relator could carry on in this State without being liable to taxation. (*People ex rel. Wash. Mills Co.* v. *Roberts,* 8 App. Div. 201; 151 N. Y. 619; *People ex rel. Brewing Co.* v. *Roberts,* 22 App. Div. 282.) In the case last cited it is said that " the fact that the machinery with which an interstate business is carried on is to some extent located within this State does not make such business taxable here." (See *People ex rel. Penn. R. R. Co.* v. *Wemple,* 65 Hun, 252; *People ex rel. Seth Thomas Clock Co.* v. *Wemple,* 133 N. Y. 323.)

We are unable to discover from the papers submitted to us that for the year ending November 1, 1895, the relator had any property in this State liable to taxation under the act of 1880, unless possibly the " odds and ends of repairs " kept on hand during said period of the average value of $500. The value of the property thus liable to taxation is too inconsiderable to be considered.

The determination of the Comptroller should be reversed, with fifty dollars costs and disbursements.

All concurred.

Determination of Comptroller reversed, with fifty dollars costs and disbursements.