108    PEOPLE ex rel. CRANE CO. v. FEITNER.

FIRST DEPARTMENT, MARCH TERM, 1900.          [Vol. 49.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE CRANE COMPANY, Respondent, v. THOMAS L. FEITNER and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants.

*Foreign corporation — taxation of — when it has established a continuous, permanent business in the State of New York.*

A foreign corporation, having a certificate entitling it to transact business in the State of New York, maintained warerooms in the city of New York in which it kept for sale an average of $50,000 worth of goods manufactured exclusively in Illinois. It also had a general manager and office force in the city of New York and kept a bank account there in which remittances sent from the home office were deposited to pay the expenses of the New York establishment. The general manager, in addition to employing and discharging the office employees, employed and discharged traveling salesmen who sold goods throughout the State of New York, a considerable percentage of such goods being delivered from the New York establishment. The New York business had been established for upwards of four years, and it was the custom of the New York establishment to sell goods upon a credit of from thirty to sixty days and to retain bills receivable for collection in due course.

*Held,* that the corporation had established a continuous, permanent business in the city of New York, and that it was taxable therein on the value of the merchandise which it had on hand, as capital invested in the State of New York.

APPEAL by the defendants, Thomas L. Feitner and others, as commissioners of taxes and assessments of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of September, 1899, sustaining a writ of certiorari issued to review the proceedings of the defendants in assessing the relator, a foreign corporation, at the city of New York, for capital invested in business in this State as personal property for the year 1898, and reducing said assessment from the sum of $54,790 to $2,700.

*James M. Ward,* for the appellants.

*John B. Green,* for the respondent.

BARRETT, J:

This case is distinguishable from *People ex rel. The Armstrong Cork Company* v. *Barker* (157 N. Y. 159) in but a single feature.

PEOPLE ex rel. CRANE CO. *v.* FEITNER. 109

App. Div.] First Department, March Term, 1900.

There the foreign corporation manufactured goods in this State as well as in Pennsylvania, while here the relator's goods are manufactured exclusively in Illinois. The question is whether the relator has established a continuous business in the city of New York. If it has, then, as was said in *The Armstrong Cork Company* case, " the commissioners were justified in holding that the relator had invested in this State an amount equal to the value of the merchandise it had on hand" at the time of the assessment. It will be observed that in the case cited the Court of Appeals did not apportion the value of the merchandise manufactured here and in Pennsylvania, nor was the isolated fact that some of its goods were manufactured here treated as controlling. That consideration, in connection with the filing of the statement and the procuring of the certificate provided for in the General Corporation Law (Laws of 1892, chap. 687, §§ 15, 16), was deemed sufficient to establish the essential fact of a continuous business as distinguished from one of a temporary character. The manufacture of part of its goods here was but one of a group of evidential facts bearing upon the intent of the corporation to conduct a regular and permanent business in this State.

We think that the same intent must be gathered in the present case from all the facts. For upwards of four years the relator has had a large and steady business in this State. It has now become thoroughly established here. Its warerooms for the sale of manufactured goods run from 122 to 130 Centre street in the city of New York. It has there a general manager and office force. It keeps a bank account in that city, in which it deposits remittances sent from the home office to pay the expenses of conducting its establishment here. It also has traveling salesmen, who are selling its goods throughout the State. These salesmen are employed and discharged by this general manager, and a considerable percentage of the goods sold by them is delivered from the establishment here. The office employees are also employed and discharged by its general manager. As a rule, the goods sold here are so sold upon a credit of from thirty to sixty days; and there was due to the establishment here, when the assessment was levied, some $80,000 for goods sold by it in this State during the previous three or four months. The relator keeps on an average $50,000 worth of property here " waiting to be sold and delivered." Thus it is evident, *first,* that the relator's

110   PEOPLE ex rel. CRANE CO. v. FEITNER.

FIRST DEPARTMENT, MARCH TERM, 1900.          [Vol. 49.

property is continuously under the protection of our laws; *second,* that the proceeds of its sales are not immediately remitted to the home office; and, *third,* that part of its capital is practically invested and reinvested here. As fast as goods are sold others must be forwarded to keep up the average. Credit, too, is given in the usual way, and the bills receivable are retained here for collection in due course. When all the facts here are considered in connection with the application for and procurement of the statutory certificate, the case is just as clearly distinguishable from the *Parker Mills* and *Sherwin-Williams Company Cases* (23 N. Y. 242; 5 App. Div. 246) as was *The Armstrong Cork Company* case. Indeed, it is difficult to perceive what more this corporation can do to effect continuity and permanency in its business here.

It is contended that compliance with the General Corporation Law in applying for and procuring the certificate referred to did not create an assessable condition under the Tax Law (Laws of 1896, chap. 908); that the " business " spoken of in the one act has a different meaning from that referred to in the other; and consequently that, if the relator was not doing business in this State within the meaning of section 7 of the Tax Law prior to its application for and procurement of the certificate, its statutory declaration did not alter its actual condition. We need not discuss this contention for the reason that the assessable condition to which we have referred is in entire harmony with the declaration. The latter certainly negatives whatever possible doubt there might otherwise have been as to the permanency and continuity of the business conducted here.

In the *Sherwin-Williams* case the foreign corporation had a salesroom here to which it sent manufactured goods for sale. The proceeds, however, were at once remitted to the home office. No other business was done here save to sell the goods and remit the proceeds. Upon these facts we held that the relator was within the principle of the *Parker Mills* case; that its business was not a continuous or permanent one; and that its property was sent here transiently and only to a market for sale. The facts in the case at bar, while in some respects like those of the *Parker Mills* and *Sherwin-Williams* cases, vary materially, as we have seen, in several essential and controlling particulars. Upon all the facts here pre-

sented we think the commissioners were justified in the general conclusion at which they arrived. They erred, however, in their computation, as correctly pointed out by the relator's counsel, to the extent of $3,924.35, and accordingly the assessment should be reduced to $50,865.65.

The order appealed from should be modified as indicated in this opinion, and the assessment reduced accordingly, without costs of this appeal.

Van Brunt, P. J., Rumsey, Patterson and McLaughlin, JJ., concurred.

Order modified as directed in opinion, and as modified affirmed, without costs of appeal.

----

Eveline Leland, as Administratrix, etc., of George Leland, Deceased, Appellant, *v.* George A. Hearn and Others, Respondents.

*Negligence — fall of an elevator upon an unskilled workman employed in the shaft — no assumption of the risk where the danger could be avoided by reasonable care on the master's part.*

A servant does not assume the risk of a danger which can be mitigated or avoided by reasonable care on the part of the master.

An unskilled workman who, pursuant to a rule established by his employers, is engaged in cleaning an elevator shaft — an operation involving little or no danger if the elevator is in proper condition — does not assume the risk of the elevator falling upon him in consequence of the employers' failure to repair it, where its condition could not have been discovered by the employee.

Appeal by the plaintiff, Eveline Leland, as administratrix, etc., of George Leland, deceased, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 23d day of March, 1899, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury at the New York Trial Term.

*Ernest T. Fellowes*, for the appellant.

*John Vernon Bouvier, Jr.*, for the respondents.