### PEOPLE ex rel. PHILIP CAREY MFG. CO. v. COMMISSIONERS OF TAXES AND ASSESSMENTS OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. November, 1902.)

1. FOREIGN CORPORATIONS—TAXATION.

The evidence showed that a foreign corporation had obtained a certificate to do business in the state of New York; that the certificate designated a certain building in New York City as its principal place of business; that in the designated building it maintained an office, salesroom, and storage rooms; and that it sold the goods stored. Held, that there was such an indication of an intent to do a permanent business as to justify the tax commissioners in levying a tax on the value of its goods in the building in process of distribution, and also on its office furniture and cash on hand and in bank.

Certiorari by the people, on the relation of the Philip Carey Manufacturing Company, against the commissioners of taxes and assessments of the city of New York, to obtain a vacation or reduction of an assessment for taxes. Writ dismissed.

Petrasch & Burnet, for relator.

George L. Rives, Corp. Counsel (A. T. Campbell, Jr., of counsel), for defendants.

SCOTT, J. The relator, a foreign corporation, complains of its assessments for the purposes of taxation, and has sued out a writ of certiorari to obtain a vacation or reduction thereof. In its statement to the commissioners, the relator stated that it was organized under the laws of the state of Ohio, having its principal office at Lockland, in that state; that it had complied with the provisions of chapter 687, Laws 1892; being the general corporation law, under which foreign corporations are required to obtain a certificate from the secretary of state as a condition of doing business in this state; that 70 Cortlandt street, New York City, was indicated as its principal place of business within this state; that there was nothing receivable on notes and open accounts in the state of New York; that the value of goods, wares, and merchandise in process of dis-

'tribution in the state of New York was estimated at $2,000, and the value of its safes, fixtures, and furniture in the city of New York was $100, and the cash on hand and in bank was $100; that the amount invested in business in the state of New York was "none, except as above." Accompanying this statement was a letter from relator's attorneys, a copy of which is annexed to the petition, and thus adopted by the relator. In this letter the following statement is made, bearing upon the taxability of the company:

"The value of the goods, wares, and merchandise is necessarily estimated, as such goods, wares, and merchandise are kept in storage or in transit in the city of New York merely for the purpose of distribution to customers here. The Philip Carey Company is a corporation of the state of Ohio, engaged in the manufacture of pipe and boiler covering and roofing at Lockland, Ohio, where it has its principal office and manufactory. It has a sales or storage room in the city of New York, to which it sends its manufactured goods, to be sold or distributed. The proceeds of the sales of these goods are remitted to the principal office of the company, in Ohio."

As this letter was written for the purpose of inducing the tax commissioners not to assess the relator, it may be assumed that all the facts are stated which would so induce the commissioners, and that the facts were stated as favorably to the relator as strict accuracy would warrant. At all events, the statement and letter were what the commissioners acted upon, and it is upon the facts as stated therein that the legality of the assessment must be tested. The commissioners assessed the relator at the sum of $2,200. The case, as made out by the relator upon its own showing, does not differ in its essential feature from that considered by the court of appeals in People ex rel. Armstrong Cork Co. v. Barker, 157 N. Y. 159, 51 N. E. 1043. In that case the court held that the evidence before it showed a plain intent on the part of the corporation and its officers to establish a continuous business in the city of New York, and for this reason distinguished the case then before it from People v. Commissioners of Taxes of City of New York, 23 N. Y. 242, and People v. Barker, 5 App. Div. 246, 39 N. Y. Supp. 151, affirmed in 149 N. Y. 623, 44 N. E. 1128. That the taxability of a foreign corporation upon property actually in this state depends upon the continuous nature of the business carried on here was recognized in the earliest case dealing with that subject under the law as it now stands (People v. Commissioners of Taxes of City of New York, supra), wherein Judge Selden, writing for the court, gave as the determining reason why the relator in that case should not be assessed "that there is no sum invested or used for the purpose of carrying on a continuous business in this state." It is true that the Armstrong Cork Co. Case differs from the one at bar, in that in that case it appeared that the relator manufactured a part of its goods in this state. But as was pointed out in People v. Feitner, 49 App. Div. 108, 62 N. Y. Supp. 1107, the court of appeals did not apportion the value of the goods manufactured here and in Pennsylvania, nor did it treat the isolated fact that some part of the goods were manufactured here as controlling its decision, but plainly regarded it merely as one of a group of evidential facts bearing upon the intent of the corporation to conduct a regular and permanent business in this state. It appears in this

case, as it appeared in the more recent of the cases above cited, that the relator had procured from the secretary of state the certificate prescribed by section 15 of the general corporation law as a prerequisite to doing business in this state. The relator earnestly argues that that fact does not render it liable to assessment and taxation. I do not understand that it has ever been held that evidence of compliance with the statute by a foreign corporation, standing alone, renders the corporation liable to be taxed. But it is an evidentiary fact to be taken into account, and when it appears that such a corporation, in addition to taking out such a certificate, maintains an office, salesroom and storage rooms in this state, and keeps goods here for the purpose of sale, and does sell them within the state, a strong case is made for believing that the corporation is carrying on a continuous and permanent business here. I find myself quite unable to distinguish the present case from those above referred to, and others in which a similar assessment has been sustained. The writ must therefore be dismissed, with costs.

Writ dismissed, with costs.