PEOPLE ex rel. GOETZ SILK MFG. CO. v. WELLS et al., Com'rs of Taxes and Assessments.

(Supreme Court, Special Term, New York County. December, 1903.)

1. FOREIGN CORPORATIONS—TAXATION—DOING BUSINESS IN STATE.

Where a foreign corporation has an office in the city of New York, with an agent to take orders, to be approved by the home office, for goods to be manufactured and paid for at the home office, but to be delivered from the New York office, and the corporation has no bank account in the state, and pays its agent a commission monthly for sales during the previous month, the rent of the New York office being paid partly by the corporation and partly by the agent, with only an office boy in addition to the agent, it is carrying on only a transitory business in the state, so that it is not liable, under Laws 1896, p. 800, c. 908, § 7, for a tax on the capital invested, as a nonresident doing business in the state.

2. SAME—EVIDENCE.

The fact that a foreign corporation obtained four years ago a certificate giving it the right to carry on business in the state, though some evidence of intent to carry on a continuous business, so as to render it subject to taxation under Laws 1896, p. 800, c. 908, § 7, is not conclusive.

Certiorari by the people, on the relation of the Goetz Silk Manufacturing Company, against James L. Wells and others, commissioners of taxes and assessments of the city of New York, to review their proceedings. Application to vacate assessment granted.

Sackett & McQuaid (W. A. McQuaid, of counsel), for relator.
George L. Rives, Corp. Counsel (George S. Coleman and Curtis A. Peters, of counsel), for respondents.

GILDERSLEEVE, J. This is a proceeding to review upon a writ of certiorari the action of the commissioners of taxes and assessments of the city of New York in assessing the relator, a foreign corporation with an office in this city, in the sum of $10,000 for the year 1902. The statute provides that:

"Nonresidents of the state doing business in the state, either as principals or partners, shall be taxed on the capital invested in such business as personal property, at the place where such business is carried on, to the same extent as if they were residents of the state." Laws 1896, p. 800, c. 908, § 7.

To be liable to such taxation, the nonresident must have a permanent or continuous business in this state; and it must, of course, have some capital invested in that business. The counsel for the relator concedes that, if the relator is liable at all to taxation, the amount is $5,070.88.

The question to be determined is whether the relator's business in this state is permanent or continuous, or whether it is carrying on only a transitory business; making its New York branch merely a temporary depot for goods sold, and nothing more. People ex rel.

Reversible Collar Co. v. Feitner, 31 Misc. Rep. 553, 65 N. Y. Supp. 518.

In the case of People ex rel. Sherwin Co. v. Barker, 5 App. Div. 246, 39 N. Y. Supp. 151, affirmed in 149 N. Y. 623, 44 N. E. 1128, it was held that a foreign corporation which had its principal office and manufactory in Cleveland, Ohio, and sent its manufactured goods to a salesroom in New York for sale, the proceeds of which, except a small amount to pay its office expenses, were remitted to Cleveland, was not liable to assessment for the amount of the goods usually kept on hand.

If the relator employed an agent in this state simply to solicit orders and forward them to the home office, and if the articles sold were then shipped by the relator from the home office to the purchasers direct, the relator unquestionably would not be liable to taxation here. People ex rel. Smith Co. v. Roberts, 27 App. Div. 455, 50 N. Y. Supp. 355.

In the case at bar the relator obtained a certificate in 1898 permitting it to do business in this state. This act, although some evidence tending to show an intent to carry on a permanent or continuous business in this state, is not conclusive.

The only witness called was Max Brown, the agent of the relator. From his testimony it appears that relator maintains an agent in this city, who solicits orders, and forwards the same to the relator for approval and execution. The relator manufactures the goods at the home office, pursuant to approved orders, which read, "to be delivered," and sends them to its office in New York, from which place they are distributed at different dates, as the customers have placed their deliveries. All payments are made to the home office. Relator has no bank account in this state. The agent gets a "commission at the end of every month for sales distributed during the previous month." The rent of the New York office is paid partly by relator and partly by the agent. There is only an office boy in addition to the agent. The boy gets $4 a week, while the agent receives no salary or compensation other than his commissions. Under this evidence, I incline to the opinion that the relator is carrying on only a transitory business here, making its New York branch merely a temporary depot for goods sold, and nothing more. The sales are all closed at the home office, as the New York agent merely obtains the orders, and transmits them to relator for approval.

The corporation counsel cites the case of People, etc., v. Commissioners, 39 Misc. Rep. 282, 79 N. Y. Supp. 485, where Mr. Justice Scott uses this language, viz.:

"Where it appears that such a corporation [foreign corporation], in addition to taking out such a certificate [license to do business in this state], maintains an office, salesroom, and storage rooms in this state, and keeps goods here for the purpose of sale, and does sell them within the state, a strong case is made out for believing that the corporation is carrying on a continuous and permanent business here."

The case at bar differs from this authority for the reason that the relator's sales were closed, as we have seen, out of the state, since the orders were subject to its approval, and the goods were manufactured after the orders had been so accepted by relators in Massa-

chusetts. The price of the goods was paid directly to relators, who afterward settled with its agent for his commissions. It cannot be said that the relator "keeps goods here for the purpose of sale, and does sell them within the state," within the meaning of the learned justice above quoted. While it is true that the goods are not delivered direct to the purchaser, still they have already been sold to such purchaser before their arrival here, and are merely kept temporarily at relator's New York office until the time for delivery as specified in the order.

I think the application of the relator to vacate the assessment should be granted, with $50 costs and disbursements.

Application granted, with $50 costs.