Luther Sterling from the conveyance which he executed to Merritt Sterling, and relieves the latter from the conveyance which he executed to Raymond Sterling. These conveyances were executed in connection with and as part of the transaction which resulted in the deed and cancellation of the mortgage by the incompetent person. Ordinarily, a court of equity would not relieve the participants in and promoters of an illegal transaction from the consequences of their own acts performed in connection therewith. It is somewhat unusual to restore to Luther and Merritt Sterling the property with which they parted while engaged in taking advantage of Charles Sterling. No objection, however, is made in behalf of any of the appellants to these provisions outside of the general criticism passed upon the entire judgment, and for that reason we have concluded to allow these particular features of the decree to remain unchanged.

Judgment appealed from reversed upon the law and facts in so far as it gives relief upon the note for $450 and sets aside the judgment entered in Herkimer county clerk's office December 19, 1898, in favor of Louise S. Sterling, as administratrix, etc., against Charles J. Sterling, and the proceedings based thereon (provisions fourth and seventh), with costs to the appellants except Merritt Sterling and Raymond Sterling; and otherwise said judgment is affirmed, without costs. Costs are not allowed in favor of or against the defendants Merritt Sterling and Raymond Sterling for the reason that they have in part succeeded and in part been defeated upon this appeal. Orders entered January 27, 1902, and March 12, 1902, respectively, affirmed, with $10 costs upon one appeal, and disbursements.

Form of order to be settled upon two days' notice by Mr. Justice HISCOCK. All concur.

---

(98 App. Div. 82)

### PEOPLE ex rel. A. J. TOWER CO. v. WELLS et al.

(Supreme Court, Appellate Division, First Department. November 18, 1904.)

1. TAXATION—FOREIGN CORPORATIONS—CAPITAL INVESTED IN THE STATE.

A foreign corporation, with its plant for making clothes located in another state, from which it sent goods to a salesroom maintained in New York City, where it had a manager, two salesmen, a typewriter. and a bill and shipping clerk, and a stock of goods averaging about $8,000 in value, about one-tenth of which were sold in the city, and the balance were reshipped, and not maintaining a bank account in the state, was not subject to taxation under General Tax Law, § 7 (Laws 1896, p. 800, c. 908), relating to nonresidents doing business in the state, and having capital there invested in such business.

O'Brien, J., dissenting.

Appeal from Special Term, New York County.

Proceedings by the people, on the relation of the A. J. Tower Company, against James L. Wells and others, commissioners, to cancel an assessment on the capital of the relator, a foreign cor-

¶ 1. See Taxation, vol. 45, Cent. Dig. §§ 184, 190.

poration, invested in business within the state. From an order denying the motion, relator appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry B. Twombly, for relator.
George S. Coleman, for respondents.

HATCH, J. The relator is a foreign corporation organized under the laws of the state of Maine, and in which state it has its principal place of business. Its plant is located in Massachusetts, where it carries on the business of manufacturing water-proof clothing. It maintains and has maintained a salesroom in the city of New York for the past five or six years, and at the time of the levying of the assessment had goods on hand in its place of business in the city of New York of the value of $13,490, and the average value of the stock kept on hand in such place of business was about $8,000. The store which it occupies is on the ground floor of 35 Howard street; is about 28 feet wide by 100 feet in depth. In connection with this business it has a manager, two salesmen, a typewriter, and a bill and shipping clerk. It keeps no bank account in the city of New York, and all checks, drafts, and other payments for goods sold are remitted to Boston for deposit. The manager draws a draft upon the relator in Massachusetts upon an average of once a week for money sufficient to pay the expenses connected with the business, although some money, the proceeds of the business, is kept in the safe at its place of business here, and is used to pay running expenses. This sum is never very large. The goods which are shipped to the New York house are mainly reshipped and distributed to various parts of the country, although about one-tenth of the goods received are sold in the city of New York, and it sometimes runs above that percentage. Much the larger proportion of the goods received are reshipped to points outside the state of New York. Upon this state of facts, the defendants determined that the relator was subject to taxation pursuant to the provisions of section 7 of the general tax law (Laws 1896, p. 800, c. 908), as a nonresident doing business in this state, and having capital invested therein in such business.

The question presented by this appeal is not new. What constitutes capital invested in business, within the meaning of this provision of the tax law, has been the subject of repeated adjudication. No hard and fast rule can be laid down in determination of such question. The fundamental element in its solution rests largely in the intent of the party, as gathered from the nature and character of the business carried on, the method of its conduct, and to some extent the declarations of the parties in connection therewith. It is evident, therefore, that the circumstances of each case are to be considered in arriving at a conclusion, and the necessary answer returned in one case may not apply to another. In People ex rel. Sherwin Co. v. Barker, 5 App. Div. 246, 39 N. Y. Supp. 151, this question was considered. Therein the relator, an Ohio cor-

poration engaged in business in the city of Cleveland, sent its manufactured goods to its salesrooms in the city of New York to be sold. The proceeds of the sale of its goods were at once remitted to its principal office in Cleveland, only a sum sufficient being reserved for the purpose of paying the expenses of the business which it conducted in the state of New York. The amount reserved and deposited in bank at the time when the tax was levied was $781.45. The average value of the goods kept on hand for sale amounted to about $15,000. The court held that the relator was only taxable upon its bank account, and not upon the property used about the business, or that kept on hand for sale. Excluding the bank account which was taxed, and we have every essential element of the present case. Upon appeal to the Court of Appeals this case was affirmed on the opinion below (149 N. Y. 623, 44 N. E. 1128), and has been since cited with approval (People ex rel. Armstrong Cork Co. v. Barker, 157 N. Y. 159, 51 N. E. 1043). There can be no distinction between that case and the present. The doctrine is made to rest upon the rule laid down in People ex rel. The Parker Mills v. The Commissioners of Taxes, 23 N. Y. 242, and that rule is decisive of this case. Numerous cases exist where a different conclusion has been reached, but an examination of each one will show an essential difference between the cases. See People ex rel. Crane v. Feitner, 49 App. Div. 108, 62 N. Y. Supp. 1107; Pople ex rel. Durand-Ruel v. Wells, 41 Misc. 144, 83 N. Y. Supp. 936, affirmed on appeal 92 App. Div. 622, 87 N. Y. Supp. 1144; People ex rel. Goetz Silk Mfg. Co. v. Wells, 42 Misc. 86, 85 N. Y. Supp. 533, affirmed on appeal, 93 App. Div. 613, 87 N. Y. Supp. 1144. See, also, Vaughn Machine Co. v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799. These authorities discuss the rule announced in the case first above cited, and point out the distinction. It is therefore unnecessary that we reiterate here the facts and arguments which differentiate them.

The rule of the first case being applicable, it follows that the order should be reversed and the assessment canceled, with costs to the relator.

VAN BRUNT, P. J., and PATTERSON and LAUGHLIN, JJ., concur. O'BRIEN, J., dissents.