The People of the State of New York ex rel. Edward & John Burke, Limited, Appellant, v. James L. Wells and Others, as Commissioners of Taxes and Assessments of the City of New York, Respondents.

*Bills receivable given for goods imported into the State of New York and sold in the original packages — they are taxable in the hands of a foreign corporation doing business in the State of New York.*

The credits or bills receivable of a foreign corporation doing business in the State of New York constitute, although they are the proceeds of the sale in the original packages of imported goods, capital invested in business in the State of New York, within the meaning of section 7 of the Tax Law (Laws of 1896, chap. 908).

The tax on the proceeds of such goods is not a tax on imports in contravention of section 10 of article 1 of the Federal Constitution, nor is it a tax on the sales as such, nor on the right to sell goods in the importer's hands while in the original packages.

Ingraham and McLaughlin, JJ., dissented.

First Department, July, 1905.        [Vol. 107.

Appeal by the relator, Edward & John Burke, Limited, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of June, 1904, dismissing a writ of certiorari theretofore issued to review an assessment upon the capital of the relator (a non-resident corporation), invested in business in the State of New York.

*Edmund Wetmore,* for the appellant.

*Curtis A. Peters,* for the respondents.

Order affirmed, with costs, on the opinion of the court below.

Present — O'Brien, P. J., Patterson, Ingraham, McLaughlin and Hatch, JJ. (Ingraham and McLaughlin, JJ., dissenting).

The following is the opinion of Leventritt, J., delivered at the Special Term:

Leventritt, J.:

The principle and reasoning of *People ex rel. Yellow Pine Co.* v. *Barker* (23 App. Div. 524; affd., 155 N. Y. 665) are authority for the proposition that the credits or bills receivable of the relator are taxable as capital invested in business in this State within the meaning of section 7 of the Tax Law*. I fail to see how these credits become less taxable because they are the proceeds of sales made of imported goods in original packages. This is not a tax on imports and thus does not contravene article 1, section 10, of the Federal Constitution; it is not a tax on the sales as such, or on the right to sell goods in the importer's hands while in their original packages. But when these packages have been sold and the proceeds have become part of the assets of a person doing business in this State, as in the case of this relator (*People ex rel. Carey Mfg. Co.* v. *Comrs.,* 39 Misc. Rep. 282; *People ex rel. Durand-Ruel* v. *Wells,* 41 id. 144; affd., 92 App. Div. 622; *People ex rel. Armstrong Cork Co.* v. *Barker,* 157 N. Y. 159), I think the property must be regarded as having lost its distinctive character as an import and mixed with the mass of relator's property. (See *Brown* v. *State of Maryland,* 12 Wheat. 419.)

The writ should be dismissed.

---

* Laws of 1896, chap. 908.— [Rep.