THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE FARCY & OPPENHEIM COMPANY, Respondent, *v.* JAMES L. WELLS et al., as Commissioners of Taxes and Assessments of the City of New York, Appellants.

TAX — FOREIGN CORPORATION DEALING IN FOREIGN GOODS WITHIN THE STATE — WHEN SUBJECT TO TAX UNDER THE STATUTE (TAX LAW, L. 1896, CH. 908, § 7). A foreign corporation must be considered as doing business in this state and liable to taxation under the statute (The Tax Law, L. 1896, ch. 908, § 7) where it is continuously engaged, within the state, in the importation and sale of foreign goods, and maintains an office in the city of New York, at which the proceeds of the sales of its goods are received and deposited in bank, out of which bank account are defrayed all of the expenses of the business in this country, the surplus only being remitted to the home office in France at convenient periods.

*People ex rel. Farcy & Oppenheim Co.* v. *Wells*, 104 App. Div. 629, reversed.

(Argued November 22, 1905; decided December 5, 1905.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 11, 1905, which affirmed an order of Special Term reducing an assessment for the purpose of taxation against the capital of the relator invested in business in this state.

The facts, so far as material, are stated in the opinion.

*John J. Delany, Corporation Counsel* (*George S. Coleman* and *Curtis A. Peters* of counsel), for appellants. On the second Monday of January, 1902, the relator had established a permanent and continuous business in this state, had capital invested in that business, and its property, therefore, was properly assessable by the defendants. (L. 1896, ch. 908,

§ 7; *People ex rel. Parker-Mills* v. *Comrs. of Taxes,* 23 N. Y. 242; *People ex rel. Sherwin - Williams Co.* v. *Barker,* 5 App. Div. 246; 149 N. Y. 623; *People ex rel. A. C. Co.* v. *Barker,* 157 N. Y. 159; *People ex rel. Crane Co.* v. *Feitner,* 49 App. Div. 108; *People ex rel. Sherwin - Williams Co.* v. *Feitner,* 60 App. Div. 628; 127 N. Y. 622; *People ex rel. Durand-Ruell* v. *Wells,* 41 Misc. Rep. 144; 180 N. Y. 506.)

*Frederic R. Coudert* and *Charles A. Conlon* for respondent. The relator had not established a permanent or continuous business in this state on the second Monday of January, 1902, and had no capital invested in business within this state on that day. (L. 1896, ch. 908, § 7; *People ex rel. Parker Mills* v. *Comrs. of Taxes,* 23 N. Y. 242; *People ex rel. Sherwin - Williams Co.* v. *Barker,* 5 App. Div. 246; 149 N. Y. 623; *People ex rel. A. C. Co.* v. *Barker,* 157 N. Y. 159; *People ex rel. Dives-Pelican Co.* v. *Feitner,* 77 App. Div. 189; *People ex rel. Durand-Ruel* v. *Wells,* 41 Misc. Rep. 144; 92 App. Div. 622; *People ex rel. G. S. Co.* v. *Wells,* 42 Misc. Rep. 86; 93 App. Div. 613.)

*Per Curiam.* The appellant, a corporation organized under the laws of the Republic of France, was assessed on personal property for the sum of fifty thousand dollars. A certiorari having been issued to review the assessment the Special Term reduced this amount to eight hundred dollars, the value of the furniture in an office in the city of New York where the relator had imported goods on sale. The action of the Special Term proceeded on the theory that the relator was not doing business within this state and had no capital invested herein which under the provisions of the Tax Law render a nonresident liable to assessment on personal property. In support of this ruling the learned counsel for the relator relies on our recent decision in the case of *People ex rel. Tower Company* v. *Wells* (182 N. Y. 553; affirmed on opinion below reported in 98 App. Div. 82). We think that the present case does not fall within the *Tower* case but within that of *People ex rel.*

*Durand-Ruel* v. *Wells* (180 N. Y. 506), where we upheld an assessment imposed on a foreign corporation. (For a detail of the facts in that case, see opinion of the Special Term, 41 Misc. Rep. 144.) We were of opinion in the *Tower* case that the operations of the corporation in the city of New York were of such a character as to constitute the New York office merely a conduit for the shipment of goods in reality sold from the relator's place of business in Boston, or at most, were so incidental to the business in Boston as not to be deemed a business carried on in this state within the meaning of the Tax Law. There is no substantial difference, however, between the method and character of the business carried on in the city of New York by the present relator and that carried on by the Durand-Ruel Company. There is the same importation of foreign goods and their sale here; the same continuity in the course of business in one case as in the other; the same maintenance of an office here at which the proceeds of the sales of the relator's goods are received and deposited in bank, and the same bank account out of which are defrayed all the expenses of the business in this country, the surplus only being remitted to France at a convenient period.

It follows that the decisions below were erroneous, but as the Special Term was of opinion that the relator was not liable to taxation except on its office furniture no inquiry was had as to the value of the other property held by the relator in New York.

The orders of the Appellate Division and Special Term should, therefore, be reversed and the proceedings remitted to the Special Term to hear and determine the amount at which the relator should be assessed, with costs in this court to the appellants Wells and others, commissioners.

Cullen, Ch. J., Gray, O'Brien, Bartlett, Haight, Vann and Werner, JJ., concur.

Orders reversed, etc,