(52 Misc. Rep. 194.)

PEOPLE ex rel. INTERNATIONAL BANKING CORP. v. RAYMOND et al.*

(Supreme Court, Special Term, New York County. November 16, 1906.)

1. TAXATION—NONRESIDENT CORPORATION—CAPITAL INVESTED IN STATE.

That a nonresident corporation had not obtained a certificate to do business in the state does not prevent taxation, under Tax Law, § 7, subd. 1, as amended by Laws 1906, p. 535, c. 248, of its capital invested in business in the state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 286.]

2. SAME—EXEMPTION.

Where a nonresident corporation is carrying on in the state a complete banking business, it cannot claim exemption from taxation on its capital invested in the state, under Tax Law, Laws 1896, p. 799, c. 908, § 4, subd. 13, exempting money of a nonresident, under the control or in the

* Affirmed by Appellate Division. See 102 N. Y. Supp. 85.

possession of his agent in the state, when transmitted to such agent for the purpose of investment or otherwise; the provision applying only when the foreign principal retains control of his funds, and the transactions of the agent are confined to the mere loaning of the money, carrying on no trade or commercial or other dealing.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 350.]

Alexander & Green (David Rumsey, of counsel), for relator.

William B. Ellison (Curtis A. Peters, of counsel), for respondents.

O'GORMAN, J. This is a certiorari proceeding to review an assessment upon the capital of the relator, a nonresident corporation, invested in business in this state, for the year 1906. The evidence clearly establishes that the business conducted by the relator in this state is continuous and permanent, and under subdivision 1, § 7, of the Tax Law, as amended by Laws 1906, p. 535, c. 248, the assessment was properly made. People ex rel. Yellow Pine v. Barker, 23 App. Div. 524, 48 N. Y. Supp. 553, affirmed 155 N. Y. 661, 49 N. E. 1103; People ex rel. Burke v. Wells, 107 App. Div. 15, 95 N. Y. Supp. 100, affirmed 184 N. Y. 275, 77 N. E. 19. The circumstance that the relator had not obtained a certificate to do business in the state is not decisive of the question. People ex rel. Farcy v. Wells, 183 N. Y. 264, 76 N. E. 24.

The relator does not bring itself within the exemption provided for in subdivision 13 of section 4 of the tax law (Laws 1896, p. 799, c. 908). That provision applies only where the foreign principal retains the control of his funds, and the transactions of the agent are confined to the mere loaning of the money, carrying on no trade or commercial or other dealings. People v. Com'rs, 59 N. Y. 40; People ex rel. Young v. Willis, 133 N. Y. 383–392, 31 N. E. 225. It does not appear that the property assessed was transmitted from the home office for the purpose of loaning or investment. On the contrary, it appears that the relator carried on in this jurisdiction a complete banking business.

Assessment sustained, with costs to the respondents.

1. TAXATION—PLACE OF TAXATION—FOREIGN CORPORATION DOING BUSINESS WITHIN STATE.

